647 A.2d 616

James M. FULMER and Sandy Fulmer, his wife, Petitioners,

v.

COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA STATE POLICE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 9, 1994.

Decided Aug. 23, 1994.

John M. Purcell, for petitioners.

Michael S. Sherman, Asst. Counsel, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., RODGERS, Senior Judge.

RODGERS, Senior Judge.

James M. Fulmer (petitioner) has filed a petition for review in the nature of a complaint for a declaratory judgment requesting a ruling from this Court that the subrogation provision contained in Section 1720 of the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. § 1720, precludes the Pennsylvania State Police (PSP) from seeking reimbursement of benefits paid under the Heart and Lung Act.[1]  Currently before us is petitioner's motion for summary judgment.

Petitioner is a trooper with the PSP who sustained serious injuries as a passenger in a PSP vehicle following a car accident on May 24, 1987.  During his temporary incapacity, petitioner received Heart and Lung Act benefits in the amount of $22,442.63.  On May 12, 1989, petitioner instituted a personal injury action against the driver of the vehicle which struck the PSP vehicle in which he was a passenger.

1. Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §§ 637–38.

To safeguard potential PSP subrogation rights, PSP regulations required petitioner to seek approval before entering into any out of court settlement agreements. While both parties disputed the PSP's right to subrogation of the Heart and Lung Act benefits paid, an agreement was reached permitting petitioner to settle his tort claim, but requiring the petitioner to place $22,442.63 in an interest bearing escrow account until an action for declaratory relief determines whether the PSP was entitled to reimbursement.

Petitioner argues that Section 1720 of the MVFRL evidences a clear legislative intent to preclude subrogation of tort recoveries from motor vehicle accidents. This MVFRL provision on subrogation provides that:

In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits, benefits available under section 1711 (relating to required benefits), 1712 (relating to availability of benefits) or 1715 (relating to availability of adequate limits) *or benefits paid or payable by a program, group contract or other arrangement* whether primary or excess under section 1719 (relating to coordination of benefits). (Emphasis added.)

Whether or not Section 1720 of the MVFRL applies to benefits received under the Heart and Lung Act is a question of first impression, and petitioner asserts that the catch-all phrase "or benefits paid or payable by a program, group contract or other arrangement" extends the applicability of this section to the Heart and Lung Act. The inclusive nature of the words "or other arrangement" does seem to support petitioner's contention.[2]

---

**2.** Section 1719 of the MVFRL provides:

(a) General rule.—Except for workers' compensation, a policy of insurance issued or delivered pursuant to this subchapter shall be primary. Any program, group contract or other arrangement for payment of benefits such as described in section 1711 (relating to required benefits) 1712(1) and (2) (relating to availability of benefits) or 1715 (relating to availability of adequate limits) shall be in excess

The PSP responds by pointing out that Section 1720 of the MVFRL was amended in 1990 and that the language emphasized above, was worded differently both at the time of petitioner's accident and initiation of lawsuit. The effective date of the amendment was July 1, 1990, while the lawsuit was filed on May 12, 1989. The 1990 amendment to Section 1720 substituted "benefits paid or payable by a program, group contract or other arrangement whether primary or excess" for "benefits in lieu thereof paid or payable." While we agree that the language of the pre-amendment version of Section 1720 should control in this case, we do not view this factor as determinative of the outcome, believing this change of language to be more of a clarification than an alteration. Therefore, any result we may reach should apply to both versions of the statute.[3]

Although the Heart and Lung Act contains no specific provisions concerning an employer's right to subrogation, the PSP asserts that Pennsylvania common law supports such rights based upon broad considerations of equity, good conscience and unjust enrichment. These principles have allowed subrogation rights to apply to benefits received pursuant to

of and not in duplication of any valid and collectable first party benefits provided in 1711, 1712 or 1715 or workers' compensation. (b) Definition.—As used in this section the term "program, group contract or other arrangement" includes, but is not limited to, benefits payable by a hospital plan corporation or a professional health service corporation subject to 40 Pa.C.S. Ch. 61 (relating to hospital plan corporations) or 63 (relating to professional health services plan corporations).

3. This Court is aware that in an act promulgating major revisions to The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 1–1031, the legislature repealed 75 Pa.C.S. § 1720 insofar as it relates to worker's compensation payments. Section 25(b) of the Act of July 2, 1993, P.L. 190, No. 44. (hereinafter referred to as Act 44). Legislation affecting substantive law will not be applied retroactively unless expressly declared in the act. *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa.Commonwealth Ct. 176, 305 A.2d 757 (1973). The question of whether an employer is entitled to subrogation is not one of procedure but of substantive law. *Bell v. Kloppers Co., Inc.,* 481 Pa. 454, 392 A.2d 1380 (1978). Thus, Act 44 has no impact on this case. In addition, we express no opinion on the effect of Section 25(b) of Act 44 on the Heart and Lung Act in a case arising after the effective date of Act 44.

the Heart and Lung Act. *Topelski v. Universal South Side Autos, Inc.,* 407 Pa. 339, 180 A.2d 414 (1962);[4] *Philadelphia v. Philadelphia Rapid Transit Co.,* 337 Pa. 1, 10 A.2d 434 (1940).

■ However, the MVFRL became effective on October 1, 1984 and, if applicable, would supersede this prior case law when injuries arose out of the maintenance or use of a motor vehicle. Similarly, tort recoveries of a claimant receiving worker's compensation benefits are also shielded from employer subrogation rights,[5] despite the existence of a specific provision within the Pennsylvania Workmen's Compensation Act granting the employer such rights.[6] *Davish v. Gidley,* 417 Pa.Superior Ct. 145, 611 A.2d 1307 (1992); *Allstate v. McFadden,* 407 Pa.Superior Ct. 537, 595 A.2d 1277 (1991), *petition for allowance of appeal denied,* 529 Pa. 644, 602 A.2d 855 (1992).

■ After reviewing the language of Section 1720 of the MVFRL and its related sections, and taking into account the history and purpose of the MVFRL, we believe that Heart and Lung Act benefits fall within the "benefits in lieu thereof paid or payable" language of this section. Benefits received under the Heart and Lung Act effectively replace workmen's compensation benefits for those employees covered by its provisions. These benefits provided petitioner with a full rate of salary during his temporary incapacity and required him to turn over all workmen's compensation benefits he received to the PSP. 53 P.S. § 637(a). On its face, the contested language of Section 1720 attempts to include all those potential benefits which may have been too numerous to mention. Furthermore, it is a "well-recognized rule that the Financial Responsibility Law is to be liberally construed." *Rimpa v. Erie Insurance Exchange,* 404 Pa.Superior Ct. 287, 590 A.2d 784, 789 (1991) (citing *Persik v. Nationwide Mutual Insur-*

4. *Topelski* points out that Pennsylvania is the only jurisdiction that allows a government unit such rights under equitable principles and in the absence of a statute conferring such right.

5. Assuming, of course, that the action arose out of maintenance or use of a motor vehicle and that the MVFRL as it existed before Act 44 applied.

6. *See* 77 P.S. § 671.

*ance Co.,* 382 Pa.Superior Ct. 29, 554 A.2d 930 *petition for allowance of appeal denied,* 522 Pa. 613, 563 A.2d 499 (1989)).

The unjust enrichment and double recovery arguments advanced by the PSP must fail in light of this Court's decision in *Walters v. Kamppi,* 118 Pa.Commonwealth Ct. 487, 545 A.2d 975 (1988), *petition for allowance of appeal denied,* 520 Pa. 620, 554 A.2d 512 (1989). In *Walters,* we rejected an employer's attempt at subrogation of workmen's compensation benefits paid following a job-related automobile accident. Finding the MVFRL free from any ambiguity, we specifically rejected the double recovery argument of the employer and found that the MVFRL violated neither due process nor equal protection.

The equitable principles offended by the possibilities of a double recovery also fail on additional grounds and should not be utilized to defeat the otherwise plain language of Section 1720 prohibiting subrogation in motor vehicle actions. Section 1722 of the MVFRL, 75 Pa.C.S. § 1722, appears to prevent any possibility that a workmen's compensation claimant would be entitled to receive duplicate medical expenses and lost wages through a private tort action.[7] This is done not by permitting subrogation, rather, by preventing any introduction of medical expenses or wage loss evidence into the private suit. *See Postorino v. Schrope,* 736 F.Supp. 639 (E.D.Pa. 1990).

Finally, the PSP emphasizes that it should be entitled to reimbursement because the MVFRL only applies to entities engaged in the business of insurance coverage, the insurance

---

7. At the time of the accident and initiation of petitioner's private tort action, Section 1722 of the MVFRL read as follows:

   § 1722. Preclusion of pleading, proving and recovering required benefits.

   In any action for damages against a tortfeasor arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in section 1711 (relating to required benefits) or the coverage set forth in section 1715(a)(1.1) (relating to availability of adequate limits) shall be precluded from pleading, introducing into evidence or recovering the amount of benefits paid or payable under section 1711 or 1715(a)(1.1). This preclusion applies only to the amount of benefits set forth in 1711 and 1715(a)(1.1).

industry, and not those plans funded by the employer. Commonwealth entities such as the PSP that provide "self-insure plans" are exempt from the MVFRL, it is argued, based upon *FMC Corp. v. Holiday*, 498 U.S. 52, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990).

We disagree that *FMC Corp.* stands for the proposition that the MVFRL was not intended to apply to self-insured plans. *FMC Corp.* merely held that Section 1720 was preempted by the federal Employee Retirement Income Security Act [8] with regard to self-insured health plans. *Boston Old Colony Insurance Co. v. Insurance Dept.*, 146 Pa.Commonwealth Ct. 142, 604 A.2d 1191 (1992). This Court has reviewed some of the legislative history of the MVFRL and believes that the legislature was clearly aware of the unique situation presented by self-insured plans. One particular proposed amendment sought the exclusion of municipal self-insured plans from the MVFRL in an effort to allow those plans funded by taxpayer dollars to recoup benefits through subrogation. This amendment was rejected by a vote of 167 to 28 and the prohibition of subrogation in cases involving motor vehicles remained unchanged. Pennsylvania Legislative Journal—House, 1983, pp. 2171–72. We believe that this amendment and subsequent debate shows that the legislature was at least cognizant of the effect the MVFRL would have on self-insured plans, and deliberately chose not to change the law.

In conclusion, the same justifications and reasoning behind Section 1720 which has been held to apply in workmen's compensation case, would likewise support the inclusion of the Heart and Lung Act in this section's language seeking the inclusion of a variety of other benefit plans. In *Walters*, this Court adopted the trial judge's explanation of Section 1720 as follows:

It becomes apparent, then, that the victim described herein may not only fail to receive a windfall but just as likely, may receive less than full compensation for his losses. The injured victim who is forced, through subrogation, to turn

8. 29 U.S.C. § 1001 et seq.

over his workmen's compensation source funds he has recovered from a tortfeasor may end up realizing nothing for his non-economic losses. The elimination of subrogation, thus, furthers the goal of providing *complete* compensation to the innocent victim of a motor vehicle accident. (Emphasis in original.)

*Id.* 118 Pa.Cmwlth. at 495, 545 A.2d at 978.

Accordingly, petitioner's motion for summary judgment is hereby granted.

## *ORDER*

NOW, August 23, 1994, petitioner's motion for summary judgment in the above case is hereby granted.