11 A.3d 960

Cassandra OLIVER, Appellant

v.

CITY OF PITTSBURGH, Appellee.

Supreme Court of Pennsylvania.

Argued Oct. 19, 2010.

Decided Jan. 28, 2011.

Harry Howard Stump, Pittsburgh, for Cassandra Oliver.

John Fitzgerald Doherty, City of Pittsburgh Law Department, for City of Pittsburgh.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

*OPINION*

Justice SAYLOR.

This appeal is set amidst ongoing alterations to the statutory, remedial scheme addressing the rights and interests of persons injured in motor-vehicle accidents. In this context, we granted review to consider whether a restoration of employer subrogation rights arising from payment of workers' compensation benefits also afforded public employers a right of subrogation for benefits paid under the Heart and Lung Act. The question is a subject of facially conflicting pronouncements by the Commonwealth Court in *Brown v. Rosenberger*, 723 A.2d 745, 747 (Pa.Cmwlth.1999), and *City of Pittsburgh v. WCAB (Williams)*, 810 A.2d 760, 762 n. 5 (Pa. Cmwlth.2002).

Historically, under the Motor Vehicle Financial Responsibility Act,[1] employer subrogation rights were broadly curtailed, as follows:

> In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits, ... or benefits in lieu thereof paid or payable under Section 1719 (relating to coordination of benefits).

75 Pa.C.S. § 1720 (superseded).[2] In *Fulmer v. Pennsylvania State Police*, 167 Pa.Cmwlth. 60, 647 A.2d 616 (1994), the Commonwealth Court ruled that the "benefits in lieu thereof" language reposited in the MVFRL subsumed the more favor-

1. Act of Feb. 12, 1984, P.L. 26, No. 11 (as amended 75 Pa.C.S. §§ 1701–1799.7) (the "MVFRL").

2. The anti-subrogation provisions of the MVFRL generally interrelate with coordinate provisions limiting tort recoveries by injured persons. *See generally Tannenbaum v. Nationwide Ins. Co.*, 605 Pa. 590, 603 n. 7, 992 A.2d 859, 866 n. 7 (2010). The underlying purpose of the ongoing adjustments is to lower insurance premiums while promoting the financial viability of insurers. *See id.* at 603, 992 A.2d at 866.

able benefits afforded to temporarily disabled law enforcement officers and firefighters pursuant to the Heart and Lung Act,[3] *see* 53 P.S. § 637(a). *See Fulmer,* 167 Pa.Cmwlth. at 65, 647 A.2d at 619.

In 1990, the General Assembly replaced the "benefits in lieu thereof" terminology with the phrase "benefits paid or payable by a program, group contract or other arrangement whether primary or excess." 75 Pa.C.S. § 1720. Of greater relevance to the question presently before this Court, in 1993, the Legislature repealed Section 1720 "insofar as [it] relate[d] to workers' compensation payments or other benefits under the Workers' Compensation Act."[4] Act of July 2, 1993, P.L. 190, No. 44, § 25(b) ("Act 44"). Thus, by its terms, Section 25(b) of Act 44 reinstated an employer's right of subrogation with respect to workers' compensation benefits in actions arising out of motor vehicle accidents, which had previously existed under the WCA prior to the MVFRL's enactment. *See* 77 P.S. § 671. These amendments, however, made no mention of the HLA.

Appellant received $848 in HLA benefits from the City of Pittsburgh. Such payment was on account of a motor-vehicle accident which occurred in 1996, apparently while Appellant was in the performance of her duties as a police officer for the City. Appellant also filed a civil action against an asserted third-party tortfeasor, which eventually settled for $2,300.

The City asserted a subrogation claim against the settlement proceeds. The supporting legal theory was that the amendments to the WCA implemented via Section 25(b) of Act 44 not only restored a right of subrogation for benefits paid under the WCA, but also conferred a subrogation right relative to HLA benefits. This is the position reflected in the Commonwealth Court's *Brown* decision. *See Brown,* 723 A.2d at 747 (incorporating the rationale from the decision under review, reported in *Brown v. Rosenberger,* 40 Pa. D. & C.4th

---

**3.** Act of June 28, 1935, P.L. 477 (as amended 53 P.S. §§ 637–638) (the "HLA").

**4.** Act of June 2, 1915, P.L. 736 (as amended 77 P.S. §§ 1–2708) (the "WCA").

432 (C.P.Phila.1998)). In response, Appellant commenced a declaratory judgment action, maintaining that Section 1720 precluded an employer from obtaining reimbursement of HLA benefits and that Act 44 did not affect this prohibition, as—by its plain terms—it only pertained to workers' compensation benefits. This understanding appears to be reflected in the Commonwealth Court's *Williams* ruling. *See Williams,* 810 A.2d at 762 n. 5 (citing *Fulmer,* 167 Pa.Cmwlth. at 65, 647 A.2d at 619); *accord City of Wilkes–Barre v. Sheils,* 382 B.R. 871, 875–76 (M.D.Pa.2008), *vacated and remanded by In re Cole,* 580 F.3d 179 (3d Cir.2009). The City moved for summary judgment, and Appellant sought judgment on the pleadings.

The common pleas court rejected the *Brown* approach and followed the *Williams* rationale, holding that Act 44 did not provide the City with a right of subrogation as to Appellant's tort recovery. Specifically, the court indicated:

> Even though the Heart and Lung and Workers' Compensation statutes have been similarly construed, the partial repeal of § 1720 speaks only to "workers' compensation payment or *other benefits under the Workers' Compensation Act.'*" There is no ambiguity in this provision. The Legislature has not repealed § 1720 with respect to Heart and Lung Benefits. It is not for this Court to do so.

*Oliver v. City of Pittsburgh,* GD 99–007519, *slip op.* at 11–12 (C.P. Allegheny, July 2, 2008) (O'Brien, J.) (emphasis in original). Accordingly, the common pleas court denied the City's summary judgment motion and granted Appellant's judgment on the pleadings motion.

In the ensuing appeal, a divided, *en banc* Commonwealth Court found *Brown*'s logic persuasive and reversed in a published decision. *See Oliver v. City of Pittsburgh,* 977 A.2d 1232 (Pa.Cmwlth.2009) (*en banc* ). Given the similar nature and purpose of the WCA and HLA, the majority discerned no reasonable basis for treating an employer's subrogation rights differently.

The majority gleaned further support from rules of statutory construction, particularly the presumptions that the General Assembly does not intend absurd or unreasonable results and prioritizes the public, over private, interests. *See* 1 Pa.C.S. § 1922(1), (5). It explained:

[I]f Act 44 is construed to permit only an employer that has paid workers' compensation to subrogate against a third-party recovery for injuries sustained in a motor vehicle accident, the innocent public employer (and the public fisc), which has paid Heart and Lung benefits under the same circumstances, will bear the burden to make payments necessitated by the actions of a negligent private party. Inasmuch as the rationale underlying both subrogation and Act 44 is to shift the burden from innocent employers to responsible tortfeasors, construing the legislative scheme in a manner which protects and favors private interests but not that of the public is contrary to our rules of statutory construction and renders an unreasonable result.

*Oliver*, 977 A.2d at 1241 (citation omitted). The majority also found it significant that the General Assembly made no changes to Section 1720 in the wake of *Brown*. Accordingly, the *en banc* court reaffirmed *Brown*, overruled *Williams* to the extent it conflicted with *Brown*, and held that the common pleas court erred by failing to recognize the City's subrogation rights. *See id.* at 1241.[5]

Judge Smith–Ribner dissented, rejecting *Brown*'s reasoning. *See id.* at 1243–48 (Smith–Ribner, J., dissenting). According to the dissent, "every relevant principle of statutory construction, if properly applied, would preclude any court from inserting benefits paid under the Heart and Lung Act into this repeal provision." *Id.* at 1247. The dissent explained that, in light of Act 44's plain language, the Legislature only repealed Section 1720 with respect to workers' compensation benefits. *See* 1 Pa.C.S. § 1921(b) ("When the

5. Judge Simpson concurred, explaining that he authored *Williams* and that its comment that "Heart and Lung benefits are not subject to subrogation" was intended to be case-specific and not a rejection of *Brown*. *Oliver*, 977 A.2d at 1248 (Simpson, J., concurring) (quoting *Williams*, 810 A.2d at 762 n. 5).

words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."). Furthermore, the dissent noted that implied repeals are disfavored in the law. *See id.* § 1971(c) (stating that, generally, "a later statute shall not be construed to supply or repeal an earlier statute unless the two statutes are irreconcilable").

Presently, Appellant maintains her position that "Section 25(b) of Act 44 did not repeal Section[ ] 1720 . . . outright as has been suggested. It only eliminated the words 'workers' compensation benefits' from Section[ ] 1720 . . ., continuing the anti-subrogation . . . design to all other listed benefits." Brief for Appellant at 10. Consistent with Judge Smith–Ribner's dissent, Appellant posits that a contrary approach would violate multiple principles of statutory interpretation.

The City, on the other hand, initially contends, for the first time, that the 1990 amendments to the MVFRL restored an employer's right to subrogation concerning benefits paid under the HLA. With regard to the preserved issue on which appeal was allowed, the City favors a close, *in pari materia* construction of the WCA and the HLA. *See* 1 Pa.C.S. § 1932(a); Brief for Appellee at 14–15 ("Although each benefit scheme may be distinguished by differences in eligibility by industry, the amounts paid, and duration of coverage, the schemes are otherwise the same, covering the same class of people (injured workers) and providing the same benefits (replacing lost compensation)."). This, the City contends, is consistent with this Court's jurisprudence highlighting the similarities between the HLA and the WCA and according consistent treatment. *See City of Phila. v. Phila. Rapid Transit Co.,* 337 Pa. 1, 4, 10 A.2d 434, 435 (1940); *Topelski v. Universal S. Side Autos, Inc.,* 407 Pa. 339, 353, 180 A.2d 414, 421 (1962). *See generally* Brief for Appellee at 14 ("Accepting [Appellant's] argument would effectively overturn all cases to-date which identify the complementary nature and virtual similarities between the HLA and the WCA."). Furthermore, according to the City, "[f]or the past fifteen years, the Commonwealth Court (beginning with *Fulmer* ) has observed with

consistency the similarity between Heart and Lung Act benefits and workers' compensation benefits for purposes of subrogation." Brief for Appellee at 20. The City maintains that, to depart from a close, *in pari materia* construction now "would be to overturn this Court's own jurisprudence respecting the interpretation of the HLA and the WCA." *Id.* at 21.

We allowed appeal, *inter alia,* to address whether Section 25(b) of Act 44 affords the City a right of subrogation against Appellant's tort recovery for the benefits it paid under the HLA. *See Oliver v. City of Pittsburgh,* 605 Pa. 72, 987 A.2d 680 (2009). Because this matter concerns statutory construction, we are presented with a question of law subject to plenary review. *See, e.g., In re Erie Golf Course,* 605 Pa. 484, 501, 992 A.2d 75, 85 (2010).

As a preliminary matter, the City has not preserved its contention that the 1990 amendments to the MVFRL restored its right of subrogation, since the argument was not raised before the Commonwealth Court. Rather, the City, as the appellant in the intermediate court, maintained that Section 25(b) of Act 44 reinstated the employer's right of subrogation with respect to HLA benefits.[6] *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *see, e.g., In re J.M.,* 556 Pa. 63, 83 n. 15, 726 A.2d 1041, 1051 n. 15 (1999) (holding that, where the appellee was the appellant before the intermediate appellate court, matters not raised and preserved in that tribunal are unavailable for appellate review).[7]

6. *See* Brief for Appellant, *Oliver v. City of Pittsburgh,* 977 A.2d 1232 (Pa.Cmwlth.2009) (*en banc*) (No. 1441 CD 2008), 2008 WL 7675249, at *4 (reflecting the City's statement of the sole issue on appeal as pertaining to the effect of Section 25(b) of Act 44); *see also* Reply Brief for Appellant, *Oliver v. City of Pittsburgh,* 977 A.2d 1232 (Pa.Cmwlth. 2009) (*en banc*) (No. 1441 CD 2008), 2008 WL 7675251, at *4 (only raising questions with regard to Section 23 of Act 44); *cf.* Brief for Appellee, *Oliver v. City of Pittsburgh,* 977 A.2d 1232 (Pa.Cmwlth.2009) (*en banc*) (No. 1441 CD 2008), 2008 WL 7675250, at *3 (acknowledging that the only issue on appeal concerns the impact of Section 25(b) of Act 44 on subrogation of HLA benefits).

7. Given the above, we acknowledge that our decision ultimately may be one of limited application. Nevertheless, in light of the facial tension

■ Turning to Act 44's impact in the HLA setting, in statutory interpretation, our task is to discern the intent of the General Assembly, with the foremost indication being the statute's plain language. *See* 1 Pa.C.S. § 1921(a)-(b); *see, e.g., In re D.L.H.,* 606 Pa. 550, 562, 2 A.3d 505, 513 (2010). Relatedly, it is well established that resort to the rules of statutory construction is to be made only when there is an ambiguity in the provision. *See, e.g., O'Rourke v. Commonwealth,* 566 Pa. 161, 172–73, 778 A.2d 1194, 1201 (2001) (quoting *In re Kritz' Estate,* 387 Pa. 223, 227, 127 A.2d 720, 723 (1957)). *See generally Trizechahn Gateway LLC v. Titus,* 601 Pa. 637, 653, 976 A.2d 474, 483 (2009) (recognizing that an ambiguity exists when there are at least two reasonable interpretations of the text under review).

Here, as the common pleas court aptly explained, Section 25(b) of Act 44 is unambiguous in its straightforward application to "benefits under the Workers' Compensation Act." 75 Pa.C.S. § 1720. Thus, there is no need to resort to rules of statutory construction—including an *in pari materia* reading of the enactments. *Accord O'Rourke,* 566 Pa. at 172–73, 778 A.2d at 1201 (stating the general proposition that, when the language of a statute is clear, courts do not consult the rules of statutory construction). *See generally* AM.JUR.2D *Statutes* § 103 ("[A]s in the case of all other rules of statutory construction, the necessity of applying the rule as to the construction of statutes in pari materia exists only where the terms of the statute to be construed are ambiguous").

■ The City observes, quite reasonably, that this Court has not always specifically limited the application of *in pari materia* construction to ambiguous statutes. *See* Brief for Appellee at 13 n. 8. The opinion cited by the City, however, is distinguishable, as it is one in which the Court sought to fill what it perceived to be a procedural void in a statutory scheme. *See State Ethics Comm'n v. Cresson,* 528 Pa. 339, 344, 597 A.2d 1146, 1149 (1991) (enforcing a filing deadline

between *Brown* and *Williams,* we consider it salutary to take this opportunity to clarify Act 44's impact on subrogation interests arising from the payment of HLA benefits.

under the Election Code against an effort by the State Ethics Commission to enforce the Ethics Act). Moreover, the fact that some decisions of the Court apply loose language cannot mean that the Court must always do so going forward, as this would institutionalize an untenable slippage in the law. *Accord Schering–Plough Healthcare Prods., Inc. v. Schwarz Pharma, Inc.,* 586 F.3d 500, 512 (7th Cir.2009) (explaining that "uncritical generalization is a path to error" and that "[o]ne form of uncritical generalization ... is reading general language literally."). Indeed, various principles governing judicial review protect against such slippage, including the axiom that the holding of a judicial decision is to be read against its facts. *See, e.g., Commonwealth v. McCann,* 503 Pa. 190, 195, 469 A.2d 126, 128 (1983).

Significantly, the MVFRL's remedial scheme has become increasingly complicated, in light of the need to address premium costs while maintaining financial viability in the insurance industry. The Legislature has made numerous specific refinements impacting the competing, and legitimate, rights and interests of insurers, employers, and injured persons. In this landscape, where there are mixed policy considerations involved, we decline to extend clear and specific refinements beyond their plain terms. *See generally Program Admin. Servs., Inc. v. Dauphin County Gen. Auth.,* 593 Pa. 184, 192, 928 A.2d 1013, 1017–18 (2007) (explaining that "it is the Legislature's chief function to set public policy and the courts' role to enforce that policy, subject to constitutional limitations").

Contrary to the Commonwealth Court's rationale, we do not consider such an approach to be absurd or unreasonable. The HLA applies to protect employees serving the public in essential, high-risk professions. The design is to ensure that, if they are temporarily disabled in the performance of their duties, these critical-services personnel do not suffer salary losses or incur the expense of medical care and treatment. *See* 53 P.S. § 637(a); *see, e.g., City of Erie v. WCAB (Annunziata),* 575 Pa. 594, 602–604 & n. 6, 838 A.2d 598, 603–04 & n. 6 (2003) (discussing the statutory framework of the HLA).

Although the WCA also embodies a similar remedial scheme, the HLA's more favorable treatment of public-safety employees who are temporarily disabled suggests against treating an overlap as an equivalency.

In summary, Section 25(b) repealed Sections 1720 of the MVFRL "insofar as [it] relate[d] to workers' compensation payments or other benefits under the Workers' Compensation Act." Act of July 2, 1993, P.L. 190, No. 44, § 25(b). By its plain terms, such provision does not impact any anti-subrogation mandates pertaining to HLA benefits.[8]

The order of the Commonwealth Court is reversed, and the matter is remanded for further proceedings consistent with opinion.

Jurisdiction is relinquished.

Chief Justice CASTILLE, Justices EAKIN, BAER, TODD, McCAFFERY and ORIE MELVIN join this opinion.

---

8.  In light of this conclusion, we need not address a second issue on which appeal was allowed—whether an employee has immunity from its employer's subrogation claim pursuant to Section 23 of Act 44.