[J-41-2016][M.O. Baer, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| GEORGE JOHNSON, | : | No. 62 MAP 2015 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 134 CD |
| v. | : | 2013 dated 11/19/14 affirming the order |
| | : | of Montgomery County Court of |
| | : | Common Pleas, Civil Division, at No. |
| LANSDALE BOROUGH AND LANSDALE | : | 2010-34399 dated 1/3/13 |
| BOROUGH CIVIL SERVICE | : | |
| COMMISSION, | : | |
| | : | |
| Appellants | : | ARGUED: April 5, 2016 |

## CONCURRING OPINION

**CHIEF JUSTICE SAYLOR**                    **DECIDED: September 28, 2016**

I join the majority opinion, although I am somewhat circumspect about resort to the *in pari materia* principle of statutory construction. *Cf. Oliver v. City of Pittsburgh,* 608 Pa. 386, 394–95, 11 A.3d 960, 965–66 (2011) (expressing similar circumspection about the application of such principle and declining to extend an *in pari materia* construction to particular provisions of the Workers' Compensation Act and the Heart and Lung Act).

Additionally, from my point of view, judicial review of a determination of a local civil service commission should account for the commission's own charge in the first instance. In this regard, the governing ordinance of Lansdale Borough, the application of which has not been challenged in this case, provides, in relevant part:

[T]he Commission's standard of review shall be to determine whether sufficient evidence has been presented to support the statutory reason for the disciplinary action. If the Commission finds that sufficient evidence has been introduced to support the change, the Commission shall not modify the penalty imposed by the Borough Council or the Mayor unless it finds that the penalty imposed was arbitrary, discriminatory or an abuse of the Borough Council's or Mayor's discretion. In considering the appropriateness of the discipline, the Commission shall not substitute its judgment for that of the Borough Council or Mayor.

BOROUGH OF LANSDALE CODE §7-7(D)(3).

Particularly where a statutory appeals court does not entertain additional evidence, it seems to me that the court's primary task will be to determine whether the local commission adhered to its own deferential review mandate in the first instance.[1] This, of course, is wholly consistent with the facet of the review, under the Local Agency Law, concerning whether an adjudication is in accordance with law. 2 Pa.C.S. §754(b).

---

[1] I also believe that "*de novo*" review, in this setting, should also account for the core review standard governing the adjudication of the matter in the first instance. The fact that a statutory appeals court, upon entertaining additional evidence, may be empowered to effectively step into the shoes of the local commission does not, in my view, relieve it from the constraints governing the commission's own decision-making. The alternative, it seems to me, would result in the entry of an essentially standardless decision, which "is not an appropriate exercise in decision making for a judicial body." *In re Brown*, 625 N.W.2d 744, 744 (Mich. 2000) (*per curiam*).

Parenthetically, it should be noted, by way of contrast to the Lansdale ordinance, the Pennsylvania General Assembly has invested discretion in the State Civil Service Commission to effectuate reinstatements. *See* 71 P.S. §741.952(c) ("Where appropriate, the commission may order reinstatement, with the payment of so much of the salary or wages lost, including employee benefits, *as the commission may in its discretion award*." (emphasis added)). It should also be noted, however, that even this conferral of authority is not boundless. *See, e.g.*, *Pa. Game Comm'n v. SCSC (Toth)*, 561 Pa. 19, 30-31, 747 A.2d 887, 893-94 (2000) (overturning a reinstatement, by the Civil Service Commission, of a Game Commission employee who had used his position to intentionally alter payroll system files).