**[J-100-2019]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**


**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**


| | |
|---|---|
| OTTO YOUNG, | : No. 1 MAP 2019 |
| | : |
| Appellee | : Appeal from the Order of the |
| | : Commonwealth Court dated June |
| | : 12, 2018 at No. 361 CD 2016 |
| v. | : Reversing the Order of the |
| | : Pennsylvania Board of Probation |
| | : and Parole dated February 24, 2016 |
| PENNSYLVANIA BOARD OF PROBATION | : and Remanding |
| AND PAROLE, | : |
| | : ARGUED: November 20, 2019 |
| Appellant | : |


**OPINION**


**JUSTICE DONOHUE**                                    **DECIDED: February 19, 2020**

This case presents a straightforward issue, namely whether the Board of Probation and Parole (the "Board") has the statutory authority to rescind a previous grant of credit for time spent at liberty on parole. For the reasons set forth herein, we agree with the Commonwealth Court's determination that the Board lacked any such statutory authority and thus affirm its order.

Thirty years ago, Appellee Otto Young ("Young") was sentenced to twenty-five years in prison after he was convicted of aggravated assault, burglary, terroristic threats, and conspiracy. He was repeatedly released on parole and his parole was repeatedly revoked. On three occasions, the revocations were due to crimes that Young committed while at liberty on parole.

Young was first recommitted as a convicted parole violator in 2006. At that time, the Board lacked discretion to award convicted parole violators any credit for time at liberty on parole, also known as "street time." *See* 61 P.S. § 331.21a (repealed) (prescribing that, if the Board exercised its discretion to recommit a convicted violator, "he shall be given no credit for the time at liberty on parole").[1]

In 2012, however, the General Assembly amended the Prisons and Parole Code to confer such discretion upon the Board. *See* 61 Pa.C.S. § 6138(a)(2.1) (prescribing, as a general rule, that "[t]he board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole"). The General Assembly also amended Section 6138(a)(2) to reflect the addition of Section 6138(a)(2.1). *See* 61 Pa.C.S. § 6138(a)(2) (now prescribing that, if the Board exercised its discretion to recommit a convicted violator, "**except as provided under paragraph (2.1)**, [he] shall be given no credit for the time at liberty on parole") (emphasis added)); *see also supra* note 1.

In 2013, Young perpetrated a retail theft, for which his parole was again revoked. The Board exercised its newly-conferred statutory discretion to award credit, upon Young's recommitment, for the time that he had spent at liberty on parole, spanning just over five years.

---

[1] Young's first violation occurred during the tenure of the Parole Act, Act of August 6, 1941, P.L. 861 (repealed). The Parole Act was replaced by the Prisons and Parole Code, Act of August 11, 2009, P.L. 147, No. 33 (as amended, 61 Pa.C.S. §§ 101-6309). This enactment initially embodied a prohibition against credit for street time for convicted parole violators corresponding to the former Parole Act. *See* 61 Pa.C.S. § 6138(a)(2) (superseded).

Young was eventually paroled again, but he suffered a new conviction for burglary of an occupied structure. For this reason, his parole was revoked again in 2015. Because this conviction was for a crime of violence, the Board lacked the discretion to grant any credit for street time. *See* 61 Pa.C.S. § 6138(a)(2.1)(i). Of particular relevance here, the Board also undertook to rescind the previously awarded credit, thus extending Young's maximum expiration date by the length of the cancelled credit (i.e., the period of just over five years).

On appeal, the Commonwealth Court, in a divided opinion, reversed and remanded for recalculation of Young's parole violation maximum sentence date. *See Young v. PBPP*, 189 A.3d 16 (Pa. Commw. 2018) (*en banc*). The majority initially rejected, as "misplaced," the Board's reliance on a series of prior decisions confirming the revocability of credit associated with previous technical parole violations upon recommitment as a convicted parole violator, since these cases predated the 2012 amendments to the Prisons and Parole Code. *Id.* at 20; *accord Penjuke v. PBPP*, 203 A.3d 401, 417 (Pa. Commw. 2019) (*en banc*) (holding that Section 6138(a)(2.1) displaced the prior line of cases) (*petition for allowance of appeal pending*, 92 EAL 2019).

Concluding that the Board lacked any statutory authority to effectuate a reversal of a previous award of credit, the majority reasoned:

> Under the current statutory regime, the Parole Board must now decide whether to award or deny credit for street time upon a parolee's recommitment as a convicted parole violator. Once the Parole Board grants sentence credit for street time, it is gone. The only extant "time spent at liberty on parole" will be that time that falls between the parolee's most recent reparole and his recommitment.

*Id.* at 21 (footnote and citation omitted); *accord id.* n.10 (reasoning that, although the General Assembly conferred on the Board "the discretion to award sentence credit to a

convicted parolee it decides to recommit," the Assembly "has not given the Parole Board the concomitant power to revoke this decision, under any circumstances").

The majority further analogized the case to those involving the creation of "penal checking accounts" and determined that "[e]ffectively, the Parole Board seeks to do the obverse by placing the sentence credit it awards to a parolee into an escrow account for later forfeiture." *Id.* at 21. The majority continued, "[t]he [Prisons and Parole Code] does not authorize the Board to establish a 'sentence escrow account' any more than it authorizes criminal defendants to establish a 'penal checking account.'" *Id.* Ultimately, the majority concluded:

> When Young was recommitted in 2015 as a convicted parole violator, the Parole Board lacked the statutory authority to revoke the 1918 days of credit it had awarded him in 2013. Those 1918 days had already been applied to his original sentence. Just as the Parole Board lacks the power to revoke days served on a sentence in prison, it lacks the power to revoke days served on a sentence by reason of the Parole Board's express award of credit in the course of a prior recommitment.

*Id.* at 22.[2]

The legal issue under review involves statutory construction, over which our review is plenary. *See, e.g.*, *Oliver v. City of Pittsburgh,* 11 A.3d 960, 964 (Pa. 2011).

---

[2] Judge Simpson dissented, joined by Judge Covey. According to the dissent, a provision of the Prisons and Parole Code enacted in 2009 confirmed the General Assembly's intention not to change or affect the judicial construction of certain corresponding provisions taken from the Parole Act, including Section 6138(a)(2). *Young,* 189 A.3d at 23-24 (Simpson, J., dissenting). The dissent opined that such provision "thereby mandat[ed] forfeiture of *all* time spent at liberty on parole credited to a sentence, even if credited upon a prior commitment." *Id.* at 24. The majority rejoined that the provision in issue pre-dated the conferral upon the Board, via Section 6138(a)(2.1), of discretion to grant credit for time spent at liberty on parole. *See id.* at 21 n.10. Notably, the Board, as the appellant before this Court, does not presently pursue the dissent's line of reasoning, presumably since its weakness -- in light of the majority's apt response -- is evident.

The Board relies substantially on the reasoning contained in the line of Commonwealth Court decisions predating the 2012 amendments to the Prisons and Parole Code. *See, e.g.*, Board's Brief at 12-15 (citing, *inter alia*, *Richards v. PBPP*, 20 A.3d 596, 599 (Pa. Commw. 2011), *superseded by statute as recognized in Penjuke*, 203 A.3d at 417 (*petition for allowance of appeal pending*, 92 EAL 2019). In these cases, the Board emphasizes, the court recognized the deterrent purpose of credit forfeiture and held that repeat parole violators should not be placed in a better position on account of previous violations. *See, e.g.*, *id.* at 8. According to the Board, the Commonwealth Court's decision that, after the amendments, credit awarded under Section 6138(a)(2.1) irrevocably vests and is not subject to forfeiture upon a subsequent parole violation creates an absurd result by placing repeat parole violators in a better position than first-time violators and dilutes the deterrent effect of the credit and forfeiture provision. The Board also contends that Section 6138(a) should be read, in its entirety, to permit the Board to make a fresh and comprehensive decision regarding any and all credit to be awarded against a sentence upon each recommitment. *See id.* at 19-20. Finally, the Board warns of potentially adverse consequences if the Commonwealth Court's holding is sustained. *See id.* at 20 ("The rule in this case has the potential to cause the unintended consequence of fewer awards of credit because decision makers may be more circumspect when exercising their discretion to award credit to a convicted parole violator.").

The Board awarded a credit against Young's sentence pursuant to Section 6138(a)(2.1). *See* Notice of Board Decision filed July 23, 2013, in Parole No. 8933M, Institution No. BD0152 ("The Board in its' [sic] discretion awards credit to you for the time

spent at liberty on parole."). We agree with the Commonwealth Court that the Prisons and Parole Code does not authorize the Board to withdraw an award previously granted pursuant to Section 6138(a)(2.1). *See Hudson v. PBPP*, 204 A.3d 392, 399 (Pa. 2019) (explaining that the Board "can only exercise those powers which have been conferred upon it by the Legislature in clear and unmistakable language") (quoting *Aetna Cas. & Sur. Co. v. Ins. Dep't*, 638 A.2d 194, 200 (Pa. 1994)). To the extent that the Board asks us, for policy reasons, to discern an implied conferral of statutory authority to revoke credit awarded per this statute, we decline to do so.

The order of the Commonwealth Court is affirmed.

Chief Justice Saylor and Justices Baer, Todd, Dougherty, Wecht and Mundy join the opinion.

Chief Justice Saylor files a concurring opinion in which Justice Mundy joins.

Justice Wecht files a concurring opinion in which Justice Todd joins.