**[J-5-2024] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 20 EAP 2023 |
| | : | |
| Appellee | : | Appeal from the Judgment of |
| | : | Superior Court entered on |
| | : | 12/13/2022 at No. 2192 EDA 2021 |
| v. | : | affirming the Judgment of Sentence |
| | : | entered on 9/28/2021 in the Court of |
| | : | Common Pleas, Philadelphia |
| OMAR SAUNDERS, | : | County, Criminal Division at No. CP- |
| | : | 51-CR-0000208-2021. |
| Appellant | : | |
| | : | ARGUED: March 5, 2024 |

**CONCURRING OPINION**

**CHIEF JUSTICE TODD**                              **DECIDED: November 20, 2024**

I join the majority in almost all respects.[1]  I have been a strong advocate of interpreting Article I, Section 8 of the Pennsylvania Constitution to provide greater protections for our citizens in appropriate circumstances.  Thus, I have dissented to the putative adoption of the federal automobile exception for purposes of state constitutional law in *Commonwealth v. Gary*, 91 A.3d 102 (Pa. 2014) (Todd, J., dissenting), and joined in full our Court's landmark decision in *Commonwealth v. Alexander*, 243 A.3d 177 (Pa.

---

[1] I distance myself from the majority's ascribing relevance to the stop being in a high crime area, see Majority Opinion at 1, 12, for purposes of whether there exists an exigency under the plain view doctrine.  As explained by the majority, for the plain view doctrine to apply here, we need find only that the police had no advance warning that the automobile would be a target of the police investigation to allow lawful access to remove the observed contraband from the vehicle.  See Majority Opinion at 18 (explaining that, in *Commonwealth v. McCree*, 924 A.2d 621 (Pa. 2007) (plurality), four Justices "agreed that the unexpected development of probable cause establishes a lawful right of access to the interior of a car under the third prong of the plain view doctrine").

2020), wherein we concluded that Article I, Section 8 of the Pennsylvania Constitution affords greater protection to our citizens than the Fourth Amendment and that our Constitution "requires both a showing of probable cause and exigent circumstances to justify a warrantless search of an automobile," *id.* at 181. Nevertheless, I believe that those decisions are distinguishable in fact and law from a constitutional analysis regarding the plain view doctrine. Indeed, both *Gary* and *Alexander* involved warrantless *searches* of closed containers and, when read against their facts, these decisions do not reach so far as to engraft an exigency requirement upon the plain view doctrine, which involves the *seizure* of property in public view that is immediately recognizable as contraband.[2]

As penned by former Chief Justice Saylor, "it is axiomatic that the holding of a judicial decision is to be read against its facts." *Lance v. Wyeth*, 85 A.3d 434, 453 (Pa. 2014); *see also Oliver v. City of Pittsburgh,* 11 A.3d 960, 966 (Pa. 2011). This legal principle protects against an unintentional or improper extension of governing principles beyond scenarios to which they rationally relate. *See Lance*, 85 A.3d at 453-54. In my

---

[2] Indeed, in my dissent in *Gary,* wherein I urged the rejection of the federal automobile exception, part of my analysis involved privacy expectations. I made it clear that such expectations were limited to areas of the vehicle that were not in public view. Specifically, I reasoned that:

> automobiles are specifically designed and built with features such as trunks, glove boxes, and internal storage compartments, some of which may only open with a special key, *in order to allow personal items to be deliberately secreted from public view during transport*. Hence, the deliberate provision by automakers of these private places as standard features of every car, and their frequent utilization by the owners and occupants of cars to store items out of public sight, evidences a societally reasonable expectation that the *privacy of all such areas in an automobile shielded from public view* will be afforded the maximum degree of protection from unlawful and unjustified intrusion.

*Gary,* 91 A.3d at 266-67 (Todd, J. dissenting) (emphasis added).

view, applying our precedent regarding the search of closed containers, where citizens' privacy interests are at their zenith, to the seizure of apparent contraband in plain view, where citizens' privacy interests are at their lowest point, constitutes an unwarranted extension of the principles enunciated in *Gary* and *Alexander* to the plain view doctrine.