**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| BARBARA TIANO, | : | No. 14 EAP 2024 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court entered on |
| | : | August 17, 2023, at No. 438 CD |
| v. | : | 2022, affirming the Order of the |
| | : | Workers' Compensation Appeal |
| | : | Board entered on April 18, 2022, at |
| CITY OF PHILADELPHIA AND PMA | : | No. A21-0483. |
| MANAGEMENT CORP. (WORKERS' | : | |
| COMPENSATION APPEAL BOARD), | : | ARGUED:  September 11, 2024 |
| | : | |
| Appellees | : | |

**DISSENTING STATEMENT**

**JUSTICE WECHT**                                        **FILED: December 17, 2024**

From time to time, we dismiss a discretionary appeal by entering a *per curiam* order stating that the appeal was granted improvidently.[1]  Such orders are sometimes necessary for prudential reasons.  Legal issues can become moot after we grant allowance of appeal, whether because of changing circumstances, statutory amendments, or new judicial decisions.  Issue preservation problems that were not immediately apparent at the *allocatur* stage can sometimes materialize, preventing us from reaching the issue that we agreed to resolve.

No such obstacles are present here.  The Court's rationale for dismissing this appeal is unknown to me.  My best conjecture is that the Court simply regrets granting *allocatur* in this matter.  As I have stated in the past, I do not support the practice of

---

[1]      *See* Supreme Court Internal Operating Procedures § 3(C)(3) ("In cases involving discretionary appeals, the Court may enter a per curiam order dismissing the appeal as improvidently granted.").

dismissing an appeal as having been improvidently granted after briefing and oral argument is complete simply because buyer's remorse has belatedly arisen over our prior decision to grant *allocatur*.[2] I respectfully dissent from today's Order declining to resolve this appeal on the merits. We should decide what we agreed to decide.

**I.**

Reaching the issue that the Court granted *allocatur* to resolve, I would affirm the Commonwealth Court's decision. The question presented is whether the City of Philadelphia is entitled to subrogation for benefits that it paid under the Heart and Lung Act[3] to an injured police officer who subsequently received a settlement from a third-party tortfeasor. As with most cases involving police officers who are injured in the line of duty, this matter implicates both the Workers' Compensation Act[4] and the Heart and Lung Act. Under the Workers' Compensation Act, when an employee's work injury is caused (at least in part) by a third party, the employer is entitled to subrogation from any third-party

---

[2] *See, e.g., Commonwealth v. Thompson*, 315 A.3d 1277, 1278 (Pa. 2024) (Wecht, J., dissenting) ("There appears to be no reason to dismiss this appeal beyond an apparent change in the Majority's willingness to consider the significant legal question that it raises."). I have also in prior cases described the many ways in which dismissals like today's are unfair to litigants who bring cases before our Court. *See, e.g., Bass Pro Outdoor World LLC v. Harrisburg Mall Ltd. P'ship*, ___ A.3d ___, 2024 WL 4579661, at *1 (Pa. 2024) (Wecht, J., dissenting) ("The unavoidable reality of this Court's decision not to decide this case is that the parties' extensive efforts have proved to be in vain—an expenditure of time and money with no return on the investment."); *Commonwealth v. Capriotti*, 287 A.3d 810, 829 (Pa. 2023) (Wecht, J., dissenting) ("When we accept discretionary review of a case, we trigger an extensive, time-consuming process involving the investment in time and treasure of numerous people, including parties, attorneys, and supporting staff. Decisions must be made, records reviewed, strategies devised, and briefs drafted and submitted. Then there are the preparations for oral argument, which we admonish attorneys to approach rigorously and with command of their cases and the legal issues at bar. Finally there is oral argument itself, which often requires burdensome travel and the rigors of appearing before us." (footnote omitted)).

[3] 53 P.S. §§ 631-640.

[4] 77 P.S. §§ 1-2710.

tort recovery that the employee receives.[5]  The Heart and Lung Act, by contrast, does not contain an express subrogation provision, but this Court has held that public employers who pay Heart and Lung Act benefits have a *common law* right of subrogation against third-party tort suits.[6]  Thus, employers typically have subrogation rights for benefits paid to injured workers under both the Workers' Compensation Act and the Heart and Lung Act.

There is one major exception to this default rule favoring subrogation.  Although the Workers' Compensation Act has for over a century given employers broad subrogation rights,[7] those rights were severely limited in 1984, when the General Assembly passed the Motor Vehicle Financial Responsibility Law ("MVFRL").[8]  Relevant here is Section 1720 of the MVFRL, which states that employers that pay benefits under the Heart and Lung Act or the Workers' Compensation Act are *not* entitled to subrogation

---

[5]     Specifically, Section 319 of the Workers' Compensation Act states that:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under [the Workers' Compensation Act] by the employer.

77 P.S. § 671.

[6]     *Topelski v. Universal S. Side Autos, Inc.*, 180 A.2d 414, 420 (Pa. 1962) ("There can be no question of the right of the County to recover by way of subrogation from the third party tortfeasor all the salary, medical and hospital expenses paid to or for Topelski[.]"); *see* DAVID B. TORREY, ANDREW E. GREENBERG, & LEE FIEDERER, WORKERS' COMPENSATION: LAW AND PRACTICE § 24:25 (4th ed. 2024) ("The payor of the Heart & Lung benefits is generally entitled to subrogation[.]").

[7]     *See* TORREY ET. AL., *supra* note 6, § 12:1 ("The employer or insurance carrier that has made payments to an injured worker under the Pennsylvania Workers' Compensation Act has broad rights to subrogation with regard to the worker's third-party action.  This right has been part of the law, at Section 319 of the Act, since first enacted in 1915." (footnote omitted)).

[8]     75 Pa.C.S. §§ 1701-1799.7.

whenever the injured worker's third-party tort suit arises "out of the maintenance or use of a motor vehicle."[9] Concomitantly, Section 1722 of the MVFRL states that injured employees cannot recover as damages in their third-party tort suits the amount of workers' compensation or heart and lung benefits they received from their employers.[10]

About a decade after the MVFRL went into effect, the General Assembly passed Act 44 of 1993,[11] which repealed MVFRL sections 1720 and 1722 "insofar as they relate to workers' compensation payments or other benefits under the Workers' Compensation Act."[12] Interpreting this language in *Oliver v. City of Pittsburgh*, 11 A.3d 960 (Pa. 2011), this Court unanimously held that, because Act 44 refers only to workers' compensation benefits and is silent regarding Heart and Lung Act benefits, MVFRL Section 1720's anti-subrogation mandate still applies to the latter.[13] This means that, in work-related car accident cases, employers are entitled to subrogate against their employees' third-party recoveries for workers' compensation benefits, but not for heart and lung benefits. Injured employees, in turn, are permitted to plead the amount of their workers' compensation

---

[9] 75 Pa.C.S. § 1720 ("In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits . . . or benefits paid or payable by a program, group contract or other arrangement whether primary or excess[.]"); *Fulmer v. PSP*, 647 A.2d 616, 619 (Pa. Cmwlth. 1994) (holding that MVFRL Section 1720 applies to Heart and Lung Act benefits).

[10] 75 Pa.C.S. § 1722 ("In any action for damages against a tortfeasor . . . arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in this subchapter, or workers' compensation . . . shall be precluded from recovering the amount of benefits paid or payable under this subchapter, or workers' compensation[.]").

[11] Act of July 2, 1993, P.L. 190, No. 44.

[12] *Id.* § 25(b). The text of Sections 1720 and 1722 remains in its pre-Act 44 form, facially prohibiting subrogation.

[13] *Oliver*, 11 A.3d at 966 (concluding that Act 44 unambiguously "does not impact any anti-subrogation mandates pertaining to [Heart and Lung Act] benefits").

benefits as damages in their third-party lawsuits, but—per Act 44 and *Oliver*—they cannot plead any damages for which they received benefits under the Heart and Lung Act.

Two decisions from this Court have elaborated on Act 44's partial repeal of the MVFRL's anti-subrogation provision. The first case, *PSP v. W.C.A.B. (Bushta)*,[14] involved a Pennsylvania State Police trooper who was injured in a car accident while working and was paid 100% of his salary under the Heart and Lung Act. Ordinarily, injured workers who are entitled to benefits under *both* the Heart and Lung Act and the Workers' Compensation Act, must "turn over" to their employer any workers' compensation benefits that they received during the same period.[15] But *Bushta* involved a self-insured employer; in those circumstances, the employer is not required to pay workers' compensation benefits to the claimant, since the payments would simply be returned to the employer anyway.[16]

The *Bushta* Court rejected the argument that, because workers' compensation benefits were payable to the trooper (if not actually paid), the PSP should be entitled to subrogation for the workers' compensation payments that it technically owed the trooper. The Court concluded that there is "no basis upon which to conclude that a mere acknowledgement in an NCP of a work injury, and the specification of the amount of benefits to which an injured employee would be entitled under the [Workers' Compensation Act], transforms an injured employee's Heart and Lung benefits into

---

[14]     184 A.3d 958 (Pa. 2018).

[15]     53 P.S. § 637(19) ("[A]ny workmen's compensation, received or collected by any such employe for such period, shall be turned over to [the employer] and paid into the treasury thereof.").

[16]     *See Stermel v. W.C.A.B. (City of Phila.)*, 103 A.3d 876, 877-78 (Pa. Cmwlth. 2014) ("Self-insured public employers that pay Heart and Lung benefits do not also make workers' compensation payments because they would simply be returned.").

[workers' compensation] benefits under the MVFRL."[17] Thus, the PSP had no right to subrogation, because "all of the benefits [the trooper] received were Heart and Lung benefits,"[18] and *Oliver* makes clear that Act 44's repeal of the MVFRL's anti-subrogation provision applies only to workers' compensation benefits.

The other decision from this Court interpreting Act 44's partial repeal of the MVFRL's anti-subrogation provision is *Alpini v. W.C.A.B. (Tinicum Township)*.[19] Like *Bushta*, *Alpini* involved a police officer who was injured in a car accident, received Heart and Lung Act benefits, and then secured a third-party tort settlement. The only relevant distinction between *Bushta* and *Alpini* is that the PSP in *Bushta* was self-insured, whereas the police department in *Alpini* was not. Unlike the trooper in *Bushta*, the police officer in *Alpini* therefore received workers' compensation checks, but he promptly turned them over to his employer as the Heart and Lung Act requires. The *Alpini* majority held that this distinction is immaterial, that the police department was not entitled to subrogation, and that *Bushta*'s rationale applies to insured and self-insured employers alike.[20]

---

[17]     *Bushta*, 184 A.3d at 969.

[18]     *Id.*

[19]     294 A.3d 307 (Pa. 2023).

[20]     *Alpini*, 294 A.3d at 324 ("[W]hile we acknowledge that there are factual differences between insured public employers and self-insured public employers, we decline to limit our holding in *Bushta* to situations that solely involve self-insured employers."). I dissented in *Alpini*, expressing the view that insurers are entitled to subrogation for workers' compensation benefits that they pay to claimants who are also receiving Heart and Lung Act benefits. Even though such claimants are required to "turn over" to their employer any workers' compensation checks that they receive, that alone does not prove that the heart and lung benefits "subsume" the workers' compensation benefits, as is the case when the employer is self-insured. *Id.* at 333 (Wecht, J., dissenting) (explaining that, unlike in *Bushta*, the employer's insurer "sent workers' compensation payments to Alpini, who 'received or collected' them, and then turned them over to the Township as required by the [Heart and Lung Act]").

## II.

The present appeal involves Philadelphia police officer Barbara Tiano, who was injured at work when she fell into a hole that utility workers left uncovered after relocating a telephone pole. The City of Philadelphia issued a notice of compensation payable accepting liability for Tiano's injury under the Workers' Compensation Act. Ultimately, however, the City paid Tiano 100% of her salary under the Heart and Lung Act in lieu of workers' compensation benefits.

Three years after her injury, Tiano settled a civil lawsuit against the utility company for $450,000. After learning about the settlement, the City filed review and modification petitions seeking subrogation against Tiano's settlement for benefits that it paid her under the Heart and Lung Act. Citing *Bushta*, the workers' compensation judge held that the City had no right to subrogation for benefits that it paid under the Heart and Lung Act.[21] On appeal, however, the Board reversed, explaining that Heart and Lung Act benefits are non-subrogable only *when the third-party tort recovery arises from a motor-vehicle accident*, as was the case in *Oliver*, *Bushta*, and *Alpini*.[22] The Commonwealth Court then unanimously affirmed the Board.[23]

Tiano now argues to this Court that "*Oliver* and *Bushta*, in practice, overruled *Topelski*," which had held that public employers who pay Heart and Lung Act benefits

---

[21]    WCJ Decision, 6/9/2021, at 6.

[22]    Board Opinion, 4/18/2022, at 11-12 ("When a third party settlement or recovery arises from the use of a motor vehicle, an employer may not seek subrogation for workers' compensation benefits paid or Heart and Lung Act reimbursement, but those restrictions do not apply to recovery under a different cause of action not arising under the MVFRL.").

[23]    *Tiano v. City of Phila.*, 2023 WL 5282783, at *1 (Pa. Cmwlth. 2023).

have a common law right of subrogation against third-party tort suits.[24]  According to Tiano, *Oliver* and *Bushta* together stand for the proposition that employers have no right to subrogation for benefits paid under the Heart and Lung Act.[25]  Quoting from *Bushta*, Tiano argues that, when an employee is entitled to benefits under *both* the Workers' Compensation Act and the Heart and Lung Act, the "Heart and Lung [b]enefits subsume [the workers' compensation] benefits, and thus subrogation of such benefits is barred."[26]

Tiano misunderstands our precedent.  Unlike the claimants in *Oliver* and *Bushta*, Tiano's injury did not arise from the maintenance or use of a motor vehicle.  It is therefore irrelevant whether her Heart and Lung Act benefits "subsumed" her workers' compensation benefits, as was the case in *Bushta*.  Because the MVFRL and Act 44 are not implicated here, the City is entitled to subrogation from Tiano's third-party tort recovery regardless of whether the benefits that it paid her are best conceptualized as Heart and Lung Act benefits, workers' compensation benefits, or some combination of the two.[27]  Nothing in *Oliver*, *Bushta*, or *Alpini* disturbed the common law right of employers to subrogation for benefits paid under the Heart and Lung Act.  Rather, the decisions in those cases concerned statutory provisions that have no bearing at all here.  Thus, the Commonwealth Court's decision allowing subrogation should be affirmed.

---

[24]	Brief for Tiano at 20; *see Topelski*, 180 A.2d at 420 ("There can be no question of the right of the County to recover by way of subrogation from the third party tortfeasor all the salary, medical and hospital expenses paid to or for Topelski[.]").

[25]	Brief for Tiano at 22 ("[W]here the employee does not actually *receive or collect* workers' compensation benefits, as is the case with Ms. Tiano, there is absolutely no basis for subrogation." (emphasis in original)).

[26]	*Id.* (emphasis omitted).

[27]	77 P.S. § 671 (statutory right to subrogation for workers' compensation benefits); *Topelski*, 180 A.2d at 420 (common law right to subrogation for Heart and Lung Act benefits).