# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,     :
                 Petitioner     :
                               :
             v.                :     No. 995 C.D. 2017
                               :     Submitted: November 22, 2017
Workers' Compensation Appeal     :
Board (Piree),                    :
                 Respondent     :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE DAN PELLEGRINI, Senior Judge

OPINION BY
JUDGE COHN JUBELIRER                  FILED: April 4, 2018

The Commonwealth of Pennsylvania (Employer) petitions for review of the Order of the Workers' Compensation Appeal Board (Board) that reversed, in part, a decision by a Workers' Compensation Judge (WCJ) and held that Employer was not entitled to subrogation of a workers' compensation (WC) lien claimed in a Third Party Settlement Agreement for the time period in which Jeffrey Piree (Claimant) was eligible for benefits under both the act commonly known as the Heart and Lung Act[1] and the Workers' Compensation Act (WC Act).[2, 3] The issue on appeal is

---

[1] Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§ 637-638.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

[3] The Board affirmed that part of the WCJ's Decision and Order denying Claimant's Petition to Review Compensation Benefit Offset finding that the disability pension offset Employer took against Claimant's WC benefits was appropriate. Claimant does not appeal this determination.

whether Employer, which is self-insured, is entitled to subrogation against Claimant's Third Party Settlement for those benefits he received during the time period in which he was receiving his full salary under the Heart and Lung Act. Because under our precedent, Employer was not entitled to subrogation for the period in which Claimant was eligible for both Heart and Lung and WC benefits, we affirm the Board's Order so holding. This is so even though as part of his Third Party Settlement, he recovered the amounts Employer would have received had it been entitled to subrogation. However, because, as the Board recognized, Claimant has begun to receive benefits solely under the WC Act, this matter is remanded for a determination regarding Employer's subrogation rights related to those benefits.

Claimant, an agent for Employer's Office of Attorney General (OAG), sustained injuries in a work-related motor vehicle accident. Employer accepted the injuries, in the nature of "left tibial, lateral plateau fracture," pursuant to a Notice of Compensation Payable (NCP). (WCJ Decision, Findings of Fact (FOF) ¶ 2.) The NCP indicated that Claimant's average weekly wage was $1,152.71, resulting in a weekly disability rate of $768.48. Claimant was eligible for, and did receive, the payment of his full salary from the OAG's payroll fund pursuant to Section 1(a) of the Heart and Lung Act, 53 P.S. § 637(a).[4] Employer had its WC Third Party

---

[4] This section provides, in relevant part, that a special agent of the OAG:

> who is injured in the performance of his duties . . . and by reason thereof is temporarily incapacitated from performing his duties, shall be paid by the Commonwealth of Pennsylvania . . . his full rate of salary, as fixed by ordinance or resolution, until the disability arising therefrom has ceased. All medical and hospital bills, incurred in connection with any such injury, shall be paid by the Commonwealth of Pennsylvania . . . . During the time salary for temporary incapacity shall be paid by the Commonwealth of Pennsylvania . . . any workmen's compensation, received or collected by any such employe for such period, shall be turned over to the Commonwealth of Pennsylvania . . . and paid into the treasury

Administrator, Inservco, pay Claimant's weekly WC payments from Employer's WC fund directly to OAG's payroll fund. On October 31, 2014, Claimant received a letter from OAG indicating that his Heart and Lung benefits were ending because his injuries were found to be permanent in nature and that he would begin receiving his WC benefits on November 4, 2014.[5] (Reproduced Record (R.R.) at 77a.) Claimant ultimately took a disability retirement from his position.

On December 1, 2014, Employer and Claimant entered into a Third Party Settlement Agreement, reflecting that: Claimant obtained a third party recovery in the amount of $1.255 million; there was an accrued WC lien in the amount of $311,824.92; the balance of recovery was $943,175.10; and the net lien amount was $204,672.78. (*Id.* at 71a; FOF ¶ 3.) Thereafter, both Claimant and Employer filed Petitions to Review Compensation Benefits, seeking a determination on whether Employer was entitled to reimbursement of the $204,672.78 under Section 319 of the WC Act, 77 P.S. § 671.[6] Claimant requested that the WCJ "review [the]

_____

thereof, and if such payment shall not be so made by the employe the amount so due the Commonwealth of Pennsylvania . . . shall be deducted from any salary then or thereafter becoming due and owing.

53 P.S. § 637(a).

[5] This letter also presented Claimant with several options, including the option to take a disability retirement. Claimant accepted this option, which ultimately resulted in Employer taking a pension offset against Claimant's WC benefits.

[6] Section 319 states, in pertinent part:

Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe . . . to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe . . . . The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation

3

subrogation agreement to remove payments made pursuant to the Heart and Lung Act from the calculation of the lien." (R.R. at 3a.) Employer responded that the amounts included in the Third Party Settlement Agreement were only the amounts payable under the WC Act and asserted that it had not yet been paid its net WC lien. (*Id.* at 9a, 12a.) The Petitions were consolidated and assigned to a WCJ for resolution.

The parties jointly submitted the Third Party Settlement Agreement and a Stipulation of Testimony of Claimant's Third Party Counsel from his personal injury action, which provided that Third Party Counsel would have testified as follows. There was no discussion between Inservco and Third Party Counsel about any other benefits Employer paid to Claimant, including his full salary under the Heart and Lung Act, or any discussion about "the interplay of benefits payable pursuant to the Heart and Lung Act, the [WC] Act, as well as the Medical Cost Containment Regulations." (FOF ¶ 4a; R.R. at 75a.) Third Party Counsel was not informed that the WC indemnity payments made by Inservco were being remitted to OAG while Claimant was receiving Heart and Lung benefits. In settling Claimant's third party action, Third Party Counsel advised the third party carrier that there was a recoverable WC lien in the amount of $299,322.13.

Employer presented the deposition testimony of Lisa Donovan, Inservco's claims adjuster for Claimant's WC claim, who explained how Employer, through Inservco, handles WC benefits for its employees who are also entitled to Heart and

___

paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, . . . and shall be treated as an advance payment by the employer on account of any future instalments of compensation.

77 P.S. § 671.

4

Lung benefits. Claimant was paid WC and Heart and Lung benefits concurrently until his retirement. Before Claimant retired, however, Inservco "reimbursed the Employer for the amount due under the [WC] claim," Inservco paid "the benefits directly to [Claimant's] department [because he was] receiving Heart and Lung benefits"; and Employer paid Claimant the Heart and Lung benefits directly. (FOF ¶ 13c.) After Claimant's retirement, he received the WC benefits directly. The net subrogation lien listed in the Third Party Settlement Agreement has not been paid to Employer.

Employer also offered the deposition testimony of Sherri Keiter-Reed, Director of the Bureau of Employee Absences and Safety in the Governor's Office of Administration, to further explain Employer's policies. Employer maintains a separate fund for WC payments to which its agencies contribute. Where an employee is injured on the job and is entitled to both WC and Heart and Lung benefits, the employee's Heart and Lung benefits are paid directly from Employer's salary system. The employee's WC benefit payments, once approved by Employer, are "transferred from the [WC] fund back to the agency's payroll fund, which is where Heart and Lung benefits are paid from." (*Id.* ¶ 14(b).) All medical bills are processed through the re-pricing system under the WC Act and then Employer pays the re-priced bills. Employer "seeks subrogation for only WC benefits." (*Id.* ¶ 14(d) (quoting R.R. at 275a).)

Finding the testimony of Ms. Donovan and Ms. Keiter-Reed credible, the WCJ concluded that Claimant did not prove that: the amounts identified as the WC lien in the Third Party Settlement Agreement were anything other than compensation payable under the WC Act; there was a material mistake made in the preparation of that agreement; or the payments included in the WC lien were made pursuant to the

5

Heart and Lung Act. The WCJ noted that Employer's lien was presented by Third Party Counsel during the course of Claimant's third party action. Accordingly, the WCJ found that Employer had met its burden of proving that it had a valid subrogation lien as set forth in the Third Party Settlement Agreement and that the lien had not yet been paid. Thus, the WCJ denied Claimant's Petition to Review Compensation Benefits and granted Employer's Petition to Review Compensation Benefits.

Claimant appealed to the Board, arguing that the WCJ erred in concluding Employer was entitled to subrogation for benefits that were paid to him under the Heart and Lung Act. The Board reversed the WCJ's determination based on this Court's decision in *Stermel v. Workers' Compensation Appeal Board (City of Philadelphia)*, 103 A.3d 876, 877 (Pa. Cmwlth. 2014). This Court, in *Stermel*, held that self-insured public employers compensating employees injured in motor vehicle accidents under both the WC Act and the Heart and Lung Act were excluded "from subrogating any indemnity or medical expenses, regardless of how they were categorized" by the self-insured employer, "because the claimant was still due full salary and benefits due to his coverage under the Heart and Lung Act." (Board Op. at 3.) *Stermel*'s holding was reiterated by this Court in *Pennsylvania State Police v. Workers' Compensation Appeal Board (Bushta)*, 149 A.3d 118 (Pa. Cmwlth. 2016),[7] in which the Court held that "[s]elf-insured employers are not entitled to be subrogated for [WC] when these funds are really used to reimburse Heart and Lung Act benefits." (Board Op. at 8.) Therefore, because Employer is self-insured and Claimant was entitled to Heart and Lung benefits concurrently with the WC benefits

---

[7] The Pennsylvania Supreme Court granted the employer's Petition for Allowance of Appeal in *Bushta*, 168 A.3d 1260 (Pa. 2017), and oral argument thereon was heard in October 2017.

from his date of injury until his retirement, Employer was "not entitled to subrogation of the lien for [WC]." (*Id.* at 9.) The Board recognized, however, that Claimant's Heart and Lung benefits ended on November 4, 2014, and, therefore, Employer "is entitled to subrogation from this date and into the future as outlined in the Third Party Settlement Agreement." (*Id.* at 9 n.5.) Employer now petitions this Court for review.[8]

On appeal, Employer argues that, under Section 319 of the WC Act, it is entitled to subrogation against the proceeds of Claimant's Third Party Settlement to the extent of the compensation payable under the WC Act notwithstanding Claimant's concurrent receipt of Heart and Lung benefits. Employer maintains that because WC indemnity benefits were still payable, albeit to Claimant's department rather than Claimant, while Claimant received Heart and Lung benefits, it should be able to subrogate Claimant's settlement proceeds by the amount its WC fund reimbursed its payroll fund. To hold otherwise, according to Employer, is contrary to precedent, such as *Wisniewski v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 621 A.2d 1111 (Pa. Cmwlth. 1993), which provides that a claimant who sustains a work injury and is entitled to Heart and Lung benefits also has rights under the WC Act which can be pursued in the WC forum. Employer points to *Nelson v. Workers' Compensation Appeal Board (Commonwealth of Pennsylvania)* (Pa. Cmwlth., No. 692 C.D. 2015, filed December 10, 2015), as establishing that the payment of a claimant's full salary under the Heart and Lung Act should "actually . . . be considered [WC]" and "two-thirds of the amount paid automatically represents

---

[8] "Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law[,] or whether necessary findings of fact are supported by substantial evidence." *City of Phila. v. Workers' Comp. Appeal Bd. (Sherlock)*, 934 A.2d 156, 159 n.5 (Pa. Cmwlth. 2007).

[WC] benefits." (Employer's Br. at 28 (citing *Nelson* and quoting *Bureau of Workers' Comp. v. Workers' Comp. Appeal Bd. (Excalibur Ins. Mgmt. Serv.)*, 32 A.3d 291, 294-95 (Pa. Cmwlth. 2011)).) Employer contends that applying the bright-line rule set forth in *Stermel* and *Bushta* results in the conclusion that there is, in fact, no right to compensation under the WC Act in such circumstances.

Alternatively, Employer argues *Stermel* is distinguishable and that *Bushta* followed *Stermel* without recognizing the difference in facts and legal arguments asserted by the employer there. Employer notes that unlike here where it presented evidence of exactly how much WC indemnity and medical benefits it paid, the employer in *Stermel* did not do the same. Finally, Employer argues it is not asserting, in contradiction of *Oliver v. City of Pittsburgh*, 11 A.3d 960 (Pa. 2011), that it is entitled to subrogate any of the amount Claimant received solely as Heart and Lung benefits and that unlike here there was no assertion in *Oliver* that the claimant received benefits other than Heart and Lung benefits. Thus, Employer urges the Court not to apply *Oliver*, *Bushta*, or *Stermel* in this matter and to reverse the Board's determination that it is not entitled to its subrogation lien.

We begin with a review of the three statutes at issue here: the WC Act, the Heart and Lung Act, and the Motor Vehicle Financial Responsibility Law[9] (MVFRL). Under the WC Act, employees who are injured at work are compensated for medical bills and lost wages, which is two-thirds of their pre-injury wages if they are prevented from returning to their pre-injury job. Section 306(a) of the WC Act, 77 P.S. § 511(1); *Stermel*, 103 A.3d at 877. However, certain employees who are injured performing their work duties and are temporarily unable to perform those duties are entitled, due to their positions with a public employer, to the payment of

---

[9] 75 Pa. C.S. §§ 1701-1799.7.

their full salaries as a result of their "serving the public in essential, high-risk professions." *Oliver*, 11 A.3d at 966; *Stermel*, 103 A.3d at 877. In these circumstances, both WC and Heart and Lung benefits are paid concurrently, but any WC payments the employee receives are required to be turned over to the public employer. Section 1(a) of the Heart and Lung Act, 53 P.S. § 637(a); *Stermel*, 103 A.3d at 877. Self-insured employers issue an NCP to acknowledge the work injury, *City of Philadelphia v. Workers' Compensation Appeal Board (Ford-Tilghman)*, 996 A.2d 569, 573 (Pa. Cmwlth. 2010), but the unilateral issuance of an NCP by an employer "does not transform Heart and Lung benefits into [WC]; they are separate," *Stermel*, 103 A.3d at 883.

When an employee's compensable injury was caused by a third party, Section 319 of the WC Act provides the employer with a right to subrogation against the employee's tort recovery. Although the Heart and Lung Act contains no similar provision, it has been interpreted as providing employers with subrogation rights. *Fulmer v. Pa. State Police*, 647 A.2d 616, 619 (Pa. Cmwlth. 1994). But, if the compensable injury is the result of a motor vehicle accident, the MVFRL is implicated and its effect on an employer's subrogation rights must be considered. Prior to 1993, WC and Heart and Lung benefits were excluded from subrogation under the MVFRL; however, in 1993, the General Assembly removed the exclusion against subrogation for WC benefits in Section 25(b) of Act 44,[10] which repealed Section 1720 of the MVFRL, 75 Pa. C.S. § 1720, "insofar as it relate[d] to [WC] benefits or other benefits under the [WC] Act." *Oliver*, 11 A.3d at 965-66; *Stermel*, 103 A.3d at 878.[11] However, Section 25(b) of Act 44 referenced only WC benefits

---

[10] Act of July 2, 1993, P.L. 1990.

[11] *Oliver* and *Stermel* provide further discussion of the provisions of the pre-1993 MVFRL and the subsequent amendments set forth in Act 44.

and, that language formed the basis for the Court's interpretation that Heart and Lung benefits remained excluded from subrogation. *Oliver*, 11 A.3d at 966. With regard to the difference in how WC and Heart and Lung benefits are treated, our Supreme Court explained:

> [T]he MVFRL's remedial scheme has become increasingly complicated, in light of the need to address premium costs while maintaining financial viability in the insurance industry. The Legislature has made numerous specific refinements impacting the competing, and legitimate, rights and interests of insurers, employers, and injured persons. In this landscape, where there are mixed policy considerations involved, we decline to extend clear and specific refinements beyond their plain terms. . . .
>
> . . . The [Heart and Lung Act] applies to protect employees serving the public in essential, high-risk professions. The design is to ensure that, if they are temporarily disabled in the performance of their duties, these critical-services personnel do not suffer salary losses or incur the expense of medical care and treatment. Although the WC [Act] also embodies a similar remedial scheme, the [Heart and Lung Act's] more favorable treatment of public-safety employees who are temporarily disabled suggests against treating an overlap as an equivalency.

*Id.* (citations omitted).

Employer argues that it is entitled to subrogation of the amounts it paid that were WC, *i.e.*, the amounts it paid from its WC fund into its payroll fund and the amount it paid in medical benefits. These amounts, Employer argues, citing *Excalibur Insurance* and *Wisniewski*, are to be considered WC benefits and, therefore, are recoverable through subrogation. However, this Court, in *Stermel*, held that *Wisniewski* and *Excalibur Insurance* were inapplicable to a situation involving the MVFRL, because neither case involved subrogation nor the MVFRL and the MVFRL allows subrogation only of WC benefits and not Heart and Lung benefits. *Stermel*, 103 A.3d at 885. "Simply, an employer cannot recover Heart and

10

Lung benefits against the third party tortfeasor whose negligence involving a motor vehicle causes the injury to the public safety employee." *Id.* at 883.

In *Bushta*, the parties entered into a stipulation that divided the amount of benefits the self-insured public employer paid into payments made, as characterized by the employer, pursuant to the WC Act and those made pursuant to the Heart and Lung Act. The employer asserted, like Employer does here, "that a portion of [c]laimant's Heart and Lung Act benefits were subject to subrogation because they were in fact WC benefits." *Bushta*, 149 A.3d at 122. This Court disagreed for the reasons set forth in *Oliver* and *Stermel*; specifically, that the General Assembly had made a determination that excluded Heart and Lung benefits from subrogation and that to treat "a portion of the Heart and Lung benefits as [WC] payments, [Employer] extended the legislature's specific refinements beyond their plain terms." *Bushta*, 149 A.3d at 122 (alterations in original) (quoting *Stermel*, 103 A.3d at 886 (quoting *Oliver*, 11 A.3d at 966)). Additionally, in *Bushta*, this Court recognized that the Heart and Lung Act provides payment of both wage loss and medical benefits and that "Act 44 makes no distinction between wage loss or medical benefits" – thus neither were subject to subrogation. *Bushta*, 149 A.3d at 122-23.

We have continued to apply *Stermel*, *see, e.g.*, *City of Philadelphia v. Zampogna*, 177 A.3d 1027, 1038 (Pa. Cmwlth. 2017) ("the [employer] may not subrogate a portion of Heart and Lung Act benefits under the artifice that those benefits are payable as workers' compensation benefits"), *petition for allowance of appeal filed*, (Pa., No. 68 EAL 2018, filed January 26, 2018), and *City of Philadelphia v. Hargraves* (Pa. Cmwlth., No. 1928 C.D. 2016, filed February 28,

11

2018), slip op. at 11-12[12] (disagreeing with "the employer's argument that Heart and Lung Act benefits were subject to subrogation because they were, in fact, workers' compensation benefits.").

Given this Court's continued application of *Stermel* and *Bushta*, we are constrained to apply them here as the issue here is the issue resolved in both *Stermel* and *Bushta*: whether a self-insured employer can subrogate that portion of the benefits it paid to a claimant pursuant to the Heart and Lung Act that the employer argues represents the payment of WC benefits under the WC Act. Under *Stermel* and *Bushta* that answer is no.

We recognize that the reason Heart and Lung benefits are not subject to subrogation is because Section 1722 of the MVFRL, 75 Pa. C.S. § 1722, precludes plaintiffs from recovering those benefits from the responsible tortfeasors, *Stermel*, 103 A.3d at 879, and that, here, Claimant did recover the WC lien amount from the responsible tortfeasor.[13] Therefore, that rationale for not permitting the subrogation is absent here. However, the inclusion of the WC lien in the settlement was the result of Inservco's characterization of those benefits to Claimant's Third Party Counsel as being WC benefits. Inservco did not discuss with Third Party Counsel any other benefits Employer paid to Claimant, such as the payment of his full salary under the

---

[12] Although *Hargraves* is an unreported opinion of this Court and, therefore, can only be considered persuasive pursuant to Section 414(a) of the Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), it reflects the Court's most recent decision on this issue. Some judges have lingering questions about the subrogation of Heart and Lung Benefits. *See Hargraves*, (Brobson, J., dissenting), slip op. 3-4 (disagreeing that Section 1720 of the MVFRL precludes subrogation because, *inter alia*, Heart and Lung Act benefits should not be considered "benefits paid or payable by a program, group contract or other arrangement whether primary or excess under Section 1719" of the MVFRL, 75 Pa. C.S. § 1720).

[13] Unlike the settlement agreement at issue here, the third party settlement at issue in *Stermel* "was not broken down into components and did not include the amount representing either [the claimant's WC] or Heart and Lung benefits paid by [the employer]." *Stermel*, 103 A.3d at 881 n.8.

12

Heart and Lung Act, the interplay between the WC Act and the Heart and Lung Act, or the use of the Medical Cost Containment provisions of the WC regulations. (FOF ¶ 4.) Consequently, Third Party Counsel included the WC lien in Claimant's demand for resolution to the third party insurer. However, Inservco's mischaracterization of the benefits paid to Claimant as being WC benefits subject to a lien, cannot provide the basis upon which to subrogate those funds. To do so would defeat the Court's understanding of the legislative intent of the statute, and create an incentive for future mischaracterizations of benefits. While, here, this Claimant's tort recovery will include an amount that should not have been recoverable, that was the result of Inservco's error. We note, however, that Claimant is now receiving his WC benefits because his Heart and Lung benefits have ended, and the Board recognized that Employer "is entitled to subrogation from this date and into the future . . . ." (Board Op. at 9 n.5.)

Finally, Employer contends that applying *Stermel* and *Bushta* would result in there being no right to compensation under the WC Act, thereby overruling numerous cases referring to the concurrent payment of both types of benefits. However, here, while Claimant's work injury was deemed temporary, Employer paid Claimant his full salary under the Heart and Lung Act and paid itself the WC benefits it would have otherwise paid to Claimant. Employer essentially shifted funds from one of its accounts to another. In other situations, a self-insured public employer would not make the separate WC payments because "they would simply be returned." *Stermel*, 103 A.3d at 877-78. Although Employer may characterize part of those benefits as WC, pursuant to the Heart and Lung Act's requirement that covered employees be paid their full salary, the entire amount paid to Claimant until November 4, 2014, was Heart and Lung benefits.

13

Having concluded that under our precedent, Employer was not entitled to subrogation while Claimant was entitled to both Heart and Lung and WC benefits, we address Employer's argument that this matter should be remanded "to determine [its] entitlement to subrogation for benefits paid solely while the Claimant was entitled to benefits under the [WC] Act." (Employer's Br. at 48.) Employer correctly notes that, after November 4, 2014, Claimant was entitled only to WC benefits, and argues that Employer should be allowed subrogation based on those payments, which the Board recognized in its opinion, (Board Op. at 9 n.5). Employer points out, however, that "while the Board noted that there would be a credit provided as to future benefits as per the reimbursement rate provided on the Third Party Settlement Agreement, the figures reflected on that document would need to be revised . . . upon remand" because if "no net lien or a lesser net lien [was] recovered, then the balance of recovery amount would need to be adjusted to reflect a lesser accrued lien asserted, net lien recovered and larger balance of recovery." (Employer's Br. at 48-49.) Claimant, in his brief, did not object or otherwise respond to Employer's request for a remand or contention that the current Third Party Settlement Agreement does not accurately reflect the proper reimbursement rate. Accordingly, we remand this matter for the WCJ to determine Employer's entitlement to subrogation for benefits paid solely while the Claimant was entitled to benefits under the WC Act.

For the foregoing reasons, we affirm the determination that Employer is not entitled to subrogation for the payments it made to Claimant pursuant to the Heart and Lung Act, but we remand for a determination regarding Employer's entitlement to subrogation for benefits paid solely while Claimant was entitled to benefits under the WC Act.

14

_____

**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,    :
                    Petitioner   :
                            :
          v.              :   No. 995 C.D. 2017
                            :
Workers' Compensation Appeal    :
Board (Piree),                :
                Respondent  :

## O R D E R

**NOW**, April 4, 2018, the Order of the Workers' Compensation Appeal Board, entered in the above-captioned matter, is **AFFIRMED** to the extent that it held that the Commonwealth of Pennsylvania (Employer) is not entitled to subrogation for the payments it made to Jeffrey Piree (Claimant) pursuant to the Heart and Lung Act, Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§ 637-638. We **REMAND** this matter for a determination regarding Employer's entitlement to subrogation for benefits paid solely while Claimant was entitled to benefits under the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

Jurisdiction relinquished.

_____
**RENÉE COHN JUBELIRER**, Judge