IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia,                    :
                    Petitioner           :
                                         :
         v.                              :
                                         :
Workers' Compensation                    :
Appeal Board (Tucker),                   :    No. 1618 C.D. 2017
                    Respondent           :    Submitted: March 23, 2018


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                   FILED:  June 26, 2018


         The City of Philadelphia (Employer) petitions for review of the October
3, 2017 order of the Workers' Compensation Appeal Board (Board) that affirmed
the decision of the workers' compensation judge (WCJ) denying Employer's Review
Petition and Modification Petition, both of which sought reimbursement of
Employer's subrogation lien against Claimant's third-party recovery.  We affirm.

         The relevant facts are not in dispute, as the parties entered into a
Stipulation of Facts before the WCJ.  WCJ's Findings of Fact (F.F.) No. 1.  On May
18, 2009, Estella Tucker (Claimant) was injured in a motor vehicle accident while
in the course and scope of her employment with Employer's Police Department.
WCJ's Decision at 3.  On June 2, 2009, Employer issued a notice of compensation

payable[1] (NCP) describing Claimant's work-related injury and setting forth an average weekly wage of $1,239.08 and a temporary total disability rate of $826.05. *Id*. The NCP further indicated that Claimant would be paid what is commonly known as Heart and Lung Act[2] benefits in lieu of workers' compensation benefits. *Id.* Claimant was temporarily disabled from May 19, 2009 through September 7, 2009 and was paid a total of $15,796.88 in Heart and Lung salary continuance benefits during her period of disability pursuant to the NCP. Stipulation of Facts at ¶ 3. Employer also paid $8,364.01 in medical benefits pursuant to the NCP.[3] *Id.* at ¶ 9.

At some point, Claimant filed a lawsuit against the tortfeasors responsible for her accident. Stipulation of Facts at ¶ 6. The case was heard before an arbitrator who entered an award in Claimant's favor in the amount of $71,000.00.[4] Stipulation of Facts at ¶ 8.

On June 2, 2015, Employer filed a Modification Petition and a Review Petition seeking reimbursement of its subrogation lien against Claimant's recovery from the tortfeasors.[5] WCJ's Decision at 3. The WCJ concluded that Employer is

---

[1] A notice of compensation payable is a form by which the employer unilaterally acknowledges a compensable injury and commences the payment of compensation. *See* Section 406.1 of the Act of June 2, 1915, P.L. 736, added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 717.1.

[2] Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§ 637-638.

[3] Claimant returned to modified duty work at no wage loss and then subsequently to full duty work at no wage loss. Stipulation of Facts at ¶¶ 4-5. Employer issued a notice of suspension that suspended Claimant's wage loss benefits as of January 27, 2010. WCJ's Decision at 3.

[4] Out of this sum, Claimant paid a total of $26,357.00 to her attorney for litigation fees and expenses. Stipulation of Facts at ¶ 8. Her attorney also set aside $15,654.00 to satisfy a workers' compensation lien Employer asserted against Claimant's third-party recovery. *Id.* at ¶ 10.

[5] Employer asserted it is entitled to repayment in the amount of $13,216.80, which represents 16 weeks of temporary total disability benefits at the weekly rate of $826.05. F.F. No.

precluded from seeking subrogation against Claimant's third-party recovery for Heart and Lung Act benefits paid to Claimant. WCJ's Conclusions of Law No. 2. Employer appealed to the Board, which affirmed. Employer now petitions this Court for review of the Board's order,[6] arguing that Employer is entitled to subrogate against Claimant's recovery for Heart and Lung benefits it paid to Claimant.

Before discussing Employer's specific arguments, a review of the three statutes relevant to the subrogation claim here is in order. We will review: (i) the Workers' Compensation Act;[7] (ii) the Heart and Lung Act; and (iii) the Motor Vehicle Financial Responsibility Law (MVFRL).[8]

The Workers' Compensation Act applies to public and private employers and compensates employees who sustain a work-related injury for their medical bills and lost wages. *City of Phila. v. Zampogna*, 177 A.3d 1027, 1029 (Pa. Cmwlth. 2017). Under the Workers' Compensation Act, when an employee is totally disabled from performing his pre-injury job, he is entitled to two-thirds of his pre-injury wages. *Id.*; *see also* Section 306(a) of the Workers' Compensation Act, 77 P.S. § 511(1).

The Heart and Lung Act provides for the payment of full salary and all medical expenses to police officers and other public safety employees temporarily unable to perform their job because of a work-related injury. *Zampogna*, 177 A.3d

---

4. Employer also claimed entitlement to repayment in the amount of $8,364.01 for medical benefits paid. *Id.*

[6] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

[7] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

[8] 75 Pa. C.S. §§ 1701-1799.7.

3

at 1029; *see* Section 1(a) of the Heart and Lung Act, 53 P.S. § 637(a). Police officers and public safety employees entitled to Heart and Lung Act benefits are also entitled to benefits under the Workers' Compensation Act.[9] *Zampogna*, 177 A.3d at 1029; *see City of Erie v. Workers' Comp. Appeal Bd. (Annunziata)*, 838 A.2d 598, 604–05 (Pa. 2003) (stating that an employer's "obligation to pay Heart and Lung benefits 'is **concurrent with**, not in lieu of, its obligation' pursuant to the workers' compensation scheme[]") (emphasis in original). However, the employee must turn over and pay into the public employer's treasury any workers' compensation collected. Section 1(a) of the Heart and Lung Act, 53 P.S. § 637(a). "Self-insured public employers that pay Heart and Lung benefits do not make workers' compensation payments because they would simply be returned to the employer." *Zampogna*, 177 A.3d at 1029. "Nevertheless, self-insured public employers issue a notice of compensation payable to employees receiving Heart and Lung benefits." *Id*.

Section 319 of the Workers' Compensation Act provides employers a right of subrogation against an employee's tort recovery to the extent of the workers' compensation payable. *See* 77 P.S. § 671. Although the Heart and Lung Act does not contain a similar provision, under common law public employers are permitted to subrogate their Heart and Lung payments from the employee's third-party tort recovery. *Zampogna*, 177 A.3d at 1030.

This paradigm was upended in 1984, however, at least with respect to work injuries arising from motor vehicle accidents, when the General Assembly enacted the MVFRL. *Id.* "Section 1720 of the [MVFRL] expressly abolished an

---

[9] Unlike the Workers' Compensation Act, the Heart and Lung Act provides compensation only where the disability is temporary and does not apply where the disability is permanent. *Colyer v. Pa. State Police*, 644 A.2d 230, 233 (Pa. Cmwlth. 1994); *see* Section 1(a) of the Heart and Lung Act, 53 P.S. § 637(a) (stating benefits are for "temporary" disabilities).

4

employer's ability to subrogate workers' compensation payments." *Id.* In particular, the enacted 1984 version of Section 1720 stated:

> In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits, benefits available under Section 1711 (relating to required benefits), 1712 (relating to availability of benefits) or 1715 (relating to availability of adequate limits) or benefits in lieu thereof paid or payable under Section 1719 (relating to coordination of benefits).

Act of February 12, 1984, P.L. 26, No. 12, § 3, *as amended* by the Act of February 12, 1984, P.L. 53, No. 12, § 3.

In 1990, the General Assembly amended Section 1720, replacing the language "benefits in lieu thereof paid or payable" with "benefits paid or payable by a program, group contract or other arrangement whether primary or excess[.]"[10] Specifically, Section 1720 now provides:

> In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits, benefits available under section 1711 (relating to required benefits), 1712 (relating to availability of benefits) or 1715 (relating to availability of adequate limits) or benefits paid or payable by a program, group contract or other arrangement whether primary or excess under section 1719 (relating to coordination of benefits).

75 Pa. C.S. § 1720. "This Court has interpreted both versions of Section 1720 to designate Heart and Lung benefits as a type not eligible for subrogation where the

_____

[10] *See* Act of February 7, 1990, P.L. 11, No. 6, § 9.

injury arises from a motor vehicle accident." *Stermel v. Workers' Comp. Appeal Bd.*, 103 A.3d 876, 879 (Pa. Cmwlth. 2014) (citing *Fulmer v. Pa. State Police*, 647 A.2d 616, 618-19 (Pa. Cmwlth. 1994)).[11]

In 1993, the General Assembly enacted the act commonly referred to as Act 44,[12] which amended the Workers' Compensation Act and expressly repealed Sections 1720 and 1722[13] of the MVFRL "insofar as they relate to workers' compensation payments or other benefits under the Workers' Compensation Act." Section 25(b) of Act 44. Our Supreme Court has held that Section 25(b) of Act 44 restored an employer's right of subrogation for workers' compensation benefits but did "not impact any anti-subrogation mandates pertaining to [Heart and Lung Act] benefits." *Oliver v. City of Pittsburgh*, 11 A.3d 960, 966 (Pa. 2011). *Oliver*, however, did not address the 1990 amendments to Section 1720 of the MVFRL. *See id.* at 964-65 (deeming issue waived).

In *Zampogna*, which also involved Employer, this Court addressed whether Section 1720 of the MVFRL prohibited an employer from subrogating its payment of Heart and Lung Act benefits to a claimant from his third-party tort

---

[11] In *Fulmer*, this Court decided, as a question of first impression, whether Section 1720 of the MVFRL applied to benefits received under the Heart and Lung Act. *Fulmer*, 647 A.2d at 618. We agreed that the language of the pre-1990 amendment version of Section 1720 of the MVFRL controlled in that case, but we did not view that "as determinative of the outcome, believing this change of language to be more of a clarification than an alteration." *Id.* We stated, therefore, that any result should apply to both versions of the statute. *Id.* We concluded that Section 1720's prohibition against subrogation of tort recovery applied to benefits payable under the Heart and Lung Act. *Id.* at 619.

[12] Act of July 2, 1993, P.L. 190, No. 44.

[13] Section 1722 prohibits a plaintiff from recovering in any action against a tortfeasor benefits such as workers' compensation "or any program, group contract or other arrangement for payment of benefits as defined in Section 1719." 75 Pa. C.S. § 1722.

recovery, and, specifically, whether the 1990 amendments to Section 1720 of the MVFRL restored an employer's right of subrogation for Heart and Lung benefits. We held that (i) the 1990 amendment to Section 1720 did not restore a public employer's right to subrogation for Heart and Lung Act benefits from an employee's tort award arising out of a motor vehicle accident, and (ii) Heart and Lung Act benefits remain subject to the anti-subrogation mandate in Section 1720 of the MVFRL. *Zampogna*, 177 A.3d at 1038.

Recently, in *City of Philadelphia v. Hargraves* (Pa. Cmwlth., No. 1928 C.D. 2016, filed February 28, 2018),[14] this Court, sitting en banc, ruled that Employer was not entitled to subrogation of Heart and Lung Act benefits paid as a result of a work-related injury arising out of a motor vehicle accident from an employee's third-party recovery. *Hargraves*, slip op. at 12.

With this background and precedent in mind, we now turn to Employer's arguments. Employer first argues that the Board erred in concluding that Employer does not have a right of subrogation here.[15] Employer maintains that the 1990 amendments to the MVFRL restored an employer's common law right of subrogation for Heart and Lung Act benefits paid to employees for injuries arising out of the use and/or maintenance of an automobile and that prohibiting subrogation conflicts with the legislative purpose of the Heart and Lung Act. Employer

---

[14] *Hargraves* is an unreported opinion and, therefore, can only be considered for its persuasive value. *See* Commonwealth Court Internal Operating Procedure § 414(a), 210 Pa. Code § 69.414(a). We mention this case, however, because it is this Court's most recent en banc decision addressing Section 1720 of the MVFRL and whether an employer can subrogate against an employee's third-party recovery for Heart and Lung Act benefits.

[15] Employer argues that the WCJ and Board erred because they failed to perform a statutory analysis of the 1990 amendments to Section 1720 of the MVFRL and instead relied on case law which never addressed this exact issue.

7

acknowledges that in *Zampogna*, "this Court rejected the very argument [Employer] has raised on this issue in the instant matter." Employer's Brief at 22. Nonetheless, Employer argues that *Zampogna* was wrongly decided and urges this Court to overrule that case.[16]

Employer contends that this Court's interpretation of the phrase "benefits paid or payable by a program, group contract or other arrangement whether primary or excess under Section 1719" contained in Section 1720 failed to acknowledge that the phrase concludes with the words "under Section 1719."[17] Employer further argues that this Court's conclusion in *Zampogna* is flawed because it is premised on our statement that there is an "understanding" based on past precedent that "the language 'program, group[] contract or other arrangement' in Section 1720 has been understood to encompass Heart and Lung Act benefits."

---

[16] To the extent Employer, who was also a party in both *Zampogna* and *Hargraves*, raises the same arguments now that it raised in those cases, we will not repeat our analysis here.

[17] Section 1719 of the MVFRL, entitled "Coordination of benefits[,]" provides:

> **(a)** **General rule.--**Except for workers' compensation, a policy of insurance issued or delivered pursuant to this subchapter shall be primary. Any program, group contract or other arrangement for payment of benefits such as described in section 1711 (relating to required benefits), 1712(1) and (2) (relating to availability of benefits) or 1715 (relating to availability of adequate limits) shall be construed to contain a provision that all benefits provided therein shall be in excess of and not in duplication of any valid and collectible first party benefits provided in section 1711, 1712 or 1715 or workers' compensation.
>
> **(b) Definition.--**As used in this section the term **"program, group contract or other arrangement"** includes, but is not limited to, benefits payable by a hospital plan corporation or a professional health service corporation subject to 40 Pa.C.S. Ch. 61 (relating to hospital plan corporations) or 63 (relating to professional health services plan corporations).

75 Pa. C.S. § 1719 (emphasis in original).

Employer's Brief at 36. Employer contends that there is no such precedent and points out that in *Zampogna* this Court acknowledged that the understanding was based on *dicta* in *Fulmer*.

Employer is correct that in *Zampogna* this Court acknowledged that *Fulmer's* discussion of the 1990 amendments was *dicta*.[18] *See Zampogna*, 177 A.3d at 1037. Further, after reviewing the relevant statutes and leading case law, we acknowledged that case law precedent had not squarely considered the meaning of the 1990 amendment of Section 1720 of the MVFRL. *Id.* at 1036. However, contrary to Employer's assertion, this Court analyzed the "program, group contract, or other arrangement" language in Section 1720 and its relationship to that same language contained in Section 1719. *See id.* at 1036-37. Further, although we acknowledged *Fulmer*'s statement that the "catch-all phrase 'or benefits paid or payable by a program, group contract or other arrangement' extends the applicability of [Section 1720] to the Heart and Lung Act[]" was *dicta*, we stated that it "correctly construes Section 1720[]" and, thus, confirmed it as part of our holding. *Id.* at 1037 (internal quotation marks omitted). Thus, this Court has held that the phrase "program, group contract or other arrangement" includes Heart and Lung benefits. *See id.*

Further, the phrase "under Section 1719" (which concerns coordination of benefits) modifies "whether primary or excess"; it does not *incorporate* Section 1719 into Section 1720. Employer's argument would have us read Section 1720's provision as "benefits paid or payable by a program, group contract or other arrangement [] under Section 1719[,]" effectively ignoring the phrase "whether primary or excess." The phrase "whether primary or excess under Section 1719"

---

[18] *See supra* note 11.

9

simply makes the priority directive of Section 1719 irrelevant. *Zampogna*, 177 A.3d at 1037. Thus, we reiterate that "Section 1719 has no effect on the scope or meaning of the catch-all phrase 'benefits paid or payable by a program, group contract or other arrangement whether primary or excess' [under Section 1719] set forth in Section 1720."[19] *Id.*

Employer also argues that the "plain and unambiguous" language of Section 1722 of the MVFRL supports Employer's position that Section 1720 cannot be read to incorporate Heart and Lung benefits as benefits subject to Section 1720's anti-subrogation provision. Section 1722 provides:

> In any action for damages against a tortfeasor, or in any uninsured or underinsured motorist proceeding, arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719 (relating to coordination of benefits) shall be precluded from recovering the amount of benefits paid or payable under this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719.

75 Pa. C.S. § 1722.

Without citing any authority, Employer argues that Section 1722 does not include Heart and Lung Act benefits among those items that are not recoverable in a third-party action against a tortfeasor. Therefore, Employer maintains that plaintiffs can recover in the underlying third-party action the amount of wage loss

---

[19] Consequently, the definition of "program, group contract or other arrangement" that appears in Section 1719(b) has no effect on Section 1720. Further, as stated in *Zampogna*, the definition that appears in section 1719(b) expressly "is limited 'to this section,' *i.e.,* Section 1719." *Zampogna*, 177 A.3d at 1037.

and medical benefits paid pursuant to the Heart and Lung Act. Employer maintains that allowing an employer to subrogate for Heart and Lung Act benefits will prevent double recovery by a plaintiff.

Contrary to Employer's assertion, this Court's precedent states that Section 1722 includes Heart and Lung Act benefits and precludes a plaintiff involved in a motor vehicle accident from recovering those benefits from the responsible tortfeasors. *See Stermel*, 103 A.3d at 879 (stating Section 1722 prohibits a plaintiff injured in a motor vehicle accident from recovering from the third-party tortfeasor lost wages covered by workers' compensation or Heart and Lung benefits); *see also Pa. State Police v. Workers' Comp. Appeal Bd. (Bushta)*, ___ A.3d ___, ___ (Pa., No. 14 WAP 2017, filed May 29, 2018) (*Bushta II*), slip op. at 15 (quoting our statement from *Stermel* and stating that the claimant in *Bushta II* "was precluded from recovering his lost wages and medical benefits from the tortfeasors under the MVFRL because [c]laimant's wages and medical benefits were fully covered by the Heart and Lung Act"); *Commonwealth of Pa. v. Workers' Comp. Appeal Bd. (Piree)*, 182 A.3d 1082, 1089 (Pa. Cmwlth. 2018) (stating that "the reason Heart and Lung benefits are not subject to subrogation is because Section 1722 of the MVFRL, 75 Pa. C.S. § 1722, precludes plaintiffs from recovering those benefits from the responsible tortfeasors").[20]

---

[20] Even if we were to accept Employer's interpretation of "program, group contract or other arrangement," the use of that phrase in Section 1722 does not compel the result Employer seeks. MVFRL Section 1722 expressly incorporates the definition contained in Section 1719 by stating, "or any program, group contract or other arrangement for payment of benefits **as defined in section 1719**." 75 Pa. C.S. § 1722 (emphasis added). This is unlike Section 1720, which does not use the language "as defined in" and, thus, does not expressly qualify the phrase "any program, group contract or other arrangement" as being defined by Section 1719. As stated, Section 1720 does not incorporate Section 1719 into Section 1720.

Even if we were to accept Employer's assertion regarding the potential for double recovery, we decline, in this context, to extend the MVFRL beyond its terms based on a policy argument of inequities, as that is a matter for the General Assembly. Notably, in *Oliver*, our Supreme Court reversed this Court's holding, wherein we allowed for subrogation of Heart and Lung benefits. *Oliver*, 11 A.3d at 966. The Supreme Court was presented with the issue of whether, as a result of Section 25(b) of Act 44 restoring employers' subrogation rights arising from payment of workers' compensation benefits, such restoration also afforded public employers a right of subrogation for benefits paid under the Heart and Lung Act. *Id.* at 961. On that same issue, we had ruled that a public employer was entitled to subrogation for Heart and Lung Act benefits paid as a result of a work-related motor vehicle accident.[21] We explained that it would be unreasonable to protect only private interests and permit a private employer that has paid workers' compensation benefits to subrogate against a third-party recovery for injuries sustained in a motor vehicle accident while holding that a public employer that has paid Heart and Lung benefits under the same circumstance could not subrogate.[22] Our Supreme Court disagreed, however, and did not consider such an approach to be unreasonable. It noted:

> Significantly, the MVFRL's remedial scheme has become increasingly complicated, in light of the need to address premium costs while maintaining financial viability in the insurance industry. The Legislature has made numerous specific refinements impacting the competing, and legitimate, rights and interests of insurers, employers, and injured persons. In this landscape, where there are mixed

---

[21] *Oliver v. City of Pittsburgh*, 977 A.2d 1232, 1242 (Pa. Cmwlth. 2009) (*Oliver I*), *rev'd*, *Oliver*, 11 A.3d at 966.

[22] *Oliver I*, 977 A.2d at 1241.

12

> policy considerations involved, we decline to extend clear
> and specific refinements beyond their plain terms.

*Id*. at 966. The Supreme Court further stated that, "[a]lthough the [Workers' Compensation Act] also embodies a similar remedial scheme, the [Heart and Lung Act's] more favorable treatment of public-safety employees who are temporarily disabled suggests against treating an overlap as an equivalency." *Id.* Thus, even if Employer is correct that there is the potential for double recovery for recipients of Heart and Lung benefits, the Heart and Lung Act treats public safety employees more favorably, *see id.*, and any alteration to this treatment is for the General Assembly to enact.

Accordingly, we reaffirm our holdings in *Zampogna* that: (i) subrogation of Heart and Lung benefits is prohibited by the anti-subrogation of the MVFRL; and (ii) the 1990 MVFRL amendment did not restore a public employer's right to subrogate Heart and Lung Act benefits from an employee's tort recovery arising from a motor vehicle accident.

Lastly, Employer argues that it has a statutory right of subrogation pursuant to Section 319 of the Workers' Compensation Act.[23] Employer attempts to distinguish *Zampogna* by stating the *Zampogna* Court, like the Board below, misconstrued Employer's argument. Employer states that it is not asserting that some portion of Heart and Lung benefits paid to or on behalf of Claimant represents payment of workers' compensation benefits. Employer concedes this argument has been rejected by our Supreme Court in *Oliver* and by this Court in *Stermel*. Rather, Employer now argues that the plain language of Section 319 of the Workers' Compensation Act contains a right of subrogation to the extent that benefits are

---

[23] 77 P.S. § 671.

*payable* under the Act. Employer claims that whether benefits are actually paid under the Workers' Compensation Act is immaterial. Employer maintains that in every Heart and Lung Act case, the Workers' Compensation Act requires the municipality to issue a notice of compensation payable; thus, benefits become payable pursuant to the Workers' Compensation Act as a matter of law.[24]

This distinction does not compel a different result. In *Stermel*, we rejected the argument that the issuance of a notice of compensation payable transforms Heart and Lung Act benefits into workers' compensation benefits; we stated the two are separate.[25] *Stermel*, 103 A.3d at 883. In *Zampogna*, we relied on our holding in *Stermel* and declined to consider payments made to the claimant "as anything other than what they are: Heart and Lung Act benefits[.]" *Zampogna*, 177 A.3d at 1038; *cf. City of Phila. v. Workers' Comp. Appeal Bd. (Ford-Tilghman)*, 996 A.2d 569, 573 (Pa. Cmwlth. 2010) (stating that "[a]lthough the Heart and Lung Act and the [Workers' Compensation Act] are similar in purpose, the two acts operate separately from one another."). We held that an employer "may not subrogate a portion of Heart and Lung Act benefits under the artifice that those benefits are *payable* as workers' compensation benefits." *Zampogna*, 177 A.3d at 1038 (emphasis added). Based on this precedent, we recently held that the Commonwealth, as the employer, was not entitled to subrogate for Heart and Lung Act benefits an employee received during a period for which the employee was

---

[24] Contrary to Employer's argument in *Zampogna*, Employer now argues that this amount is not necessarily two-thirds of a claimant's Heart and Lung Act benefit. *See Zampogna*, 177 A.3d at 1038.

[25] In so concluding, we noted our Supreme Court's holding in *Oliver*, stating, "[f]or its own reasons, the General Assembly has decided to treat Heart and Lung benefits differently, at least with respect to subrogation from a claimant's tort recovery arising from a motor vehicle accident." *Stermel*, 103 A.3d at 883-84.

entitled to both Heart and Lung benefits and workers' compensation benefits. *Piree*, 182 A.3d at 1083 & 1090. [26]

Recently, our Supreme Court issued its decision in *Bushta II*, which affirmed this Court's decision in *Pennsylvania State Police v. Workers' Compensation Appeal Board (Bushta)*, 149 A.3d 118 (Pa. Cmwlth. 2016) (*Bushta I*). In our underlying decision, we had applied our holding from *Stermel*. *See Bushta I*, 149 A.3d at 122. In *Bushta II*, our Supreme Court addressed whether a self-insured municipality is entitled to subrogation to the extent of compensation *payable* pursuant to the Workers' Compensation Act where the municipality has concurrent obligations to the injured employee under both the Workers' Compensation Act and the Heart and Lung Act. *Bushta II*, ___ A.3d at ____, slip op. at 9. Our Supreme Court acknowledged that it has held that a claimant may be entitled to benefits for concurrent employment under the Workers' Compensation Act while also receiving Heart and Lung Act benefits. *Id*. at ____, slip op. at 11 (discussing *Annunziata*, 838 A.2d at 604–05, in which the Supreme Court held that a police officer injured on duty could receive Heart and Lung Act benefits and workers' compensation benefits for wages he lost as a part-time security guard as a result of his work injury). However, our Supreme Court cautioned that, while a claimant who is receiving Heart and Lung benefits may seek and receive workers' compensation benefits for concurrent employment, the Heart and Lung Act requires the claimant to turn over to his employer all workers' compensation benefits received or collected. *Bushta II*, ___ A.3d at ____, slip op. at 12. Accordingly, our Supreme Court held that if the

---

[26] We did, however, recognize that, in *Piree*, the claimant was entitled only to workers' compensation benefits after a particular date. *Piree*, 182 A.3d at 1090. Therefore, we remanded the matter to the WCJ to determine the employer's entitlement to subrogation for benefits paid solely while the claimant was entitled to benefits under the Workers' Compensation Act. *Id.*

15

claimant does not actually receive or collect workers' compensation benefits, there can be no basis for subrogation.[27] *Id.*

Here, Employer paid Claimant Heart and Lung Act benefits during the entire time that Claimant was temporarily disabled by her work-related injury. *See* Stipulation of Facts at ¶ 3. Claimant did not actually receive or collect any workers' compensation benefits. Therefore, there is no basis for subrogation. *See Bushta II*, *Piree*; *see also Zampogna*. Consequently, based on the foregoing, we conclude that the Board did not err in affirming the WCJ's decision denying Employer's Review Petition and Modification Petition, both of which sought reimbursement of Employer's subrogation lien for Heart and Lung Act benefits against Claimant's third-party recovery. Accordingly, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[27] Additionally, our Supreme Court also rejected the employer's argument that, because the claimant's medical bills were paid using the "re-pricing" formula set forth in the Workers' Compensation Act, such medical payments constituted compensation payable under the Workers' Compensation Act. *Bushta II*, ___ A.3d at ____, slip op. at 17. Because payment of the claimant's medical care and treatment is required under the Heart and Lung Act, those payments constituted a Heart and Lung Act benefit, regardless of the pricing scheme used. *Id.*

16

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia,                           :
                     Petitioner                 :
                                                :
          v.                                    :
                                                :
Workers' Compensation                           :
Appeal Board (Tucker),                          :     No. 1618 C.D. 2017
                     Respondent                 :

O R D E R

AND NOW, this 26th day of June, 2018, the order of the Workers' Compensation Appeal Board, dated October 3, 2017, is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge